

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2008

# Vakker v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 06-1949

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Vakker v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1346.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1346

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1949

BORIS VAKKER
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
Respondent

On Petition for Review of an Order of the Board of
Immigration Appeals
No. A79-014-570
Immigration Judge:  Hon. Walter A. Durling

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2008

BEFORE:  SLOVITER, SMITH and STAPLETON,
*Circuit Judges*

(Opinion Filed:  March 14, 2008)

Sandra L. Green
2nd Floor
2001 East Market Street
York, PA 17402
  Attorney for Petitioner

Peter D. Keisler
Douglas E. Ginsburg
John D. Williams
Lyle D. Jentzer
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC  20044
  Attorneys for Respondent

---

OPINION OF THE COURT

---

STAPLETON, Circuit Judge:

In the course of removal proceedings brought against him by the Immigration and Naturalization Service, Boris Vakker, a "paroled" alien, requested that the Immigration Judge ("IJ") permit him to renew a previously denied application for adjustment of status. The IJ denied the request. While the proceedings were on appeal to the Board of Immigration

2

Appeals ("BIA"), Vakker filed a motion with the BIA to remand his case to the IJ for reconsideration of the adjustment of status issue predicated upon an intervening case of this court. The BIA denied the motion to remand, and Vakker petitions this court for review of that ruling. For the reasons that follow, we will deny the petition.

**I**

Petitioner, a native of Russia, initially arrived in the United States after being granted "parole" status. 8 U.S.C. § 1182(d)(5). He then applied for adjustment of status. 8 U.S.C. § 1255; 8 C.F.R. 245.7. However, while that application was pending, he was convicted of conspiracy to commit alien smuggling. His conviction rendered him ineligible for adjustment of status, 8 U.S.C. § 1182(a)(6)(E), and the Immigration and Naturalization Service ("INS"), now the Department of Homeland Security's Citizen and Immigration Services ("CIS"), therefore denied his application.

Following his conviction, the INS served petitioner with a Notice to Appear, charging him with removability on three grounds: conviction of a crime involving moral turpitude, lack of entry documents, and alien smuggling. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1182(a)(7)(A)(i)(I), 1182(a)(6)(E)(i). The IJ found him removable. Petitioner sought asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). Petitioner also sought to renew his application for adjustment of status.

The IJ determined that petitioner qualified for

withholding of removal. The IJ, however, denied petitioner's request to renew his adjustment of status application because, it concluded, then-applicable regulations precluded all "paroled" aliens from seeking adjustment of status, 8 C.F.R. § 1245.1(c)(8) (repealed May 12, 2006), *invalidated by Zheng v. Gonzales*, 422 F.3d 98 (3d Cir. 2005),[1] and the IJ therefore lacked jurisdiction over such an application.

The Attorney General appealed the IJ's decision granting petitioner withholding of removal to the BIA. Petitioner did not initially appeal the IJ's denial of his request to renew his "adjustment of status" application; however, after this court's ruling in *Zheng v. Gonzales*, 422 F.3d 98 (3d Cir. 2005), which invalidated the regulation on which the IJ had relied, petitioner filed a motion with the BIA to remand the proceedings to the IJ for reconsideration of his request to renew his "adjustment of status" application.

The BIA issued a decision in which it dismissed the Attorney General's appeal because it agreed with the IJ that petitioner is eligible for withholding of removal. In the same decision, the BIA also denied petitioner's motion to remand on the "adjustment of status" issue. The BIA acknowledged that *Zheng* invalidated the authority upon which the IJ had relied. However, the BIA ruled that petitioner was nevertheless ineligible to renew his adjustment of status application "because he [did] not meet the renewal requirements under 8 C.F.R. §

---

[1] 8 C.F.R. § 1245.1(c)(8) has since been replaced with an unrelated regulation.

4

1245.2(a)." A.R. at 11.

Vakker petitions this court for review of the BIA's denial of his motion to remand.

## II

This court generally reviews motions to remand deportation proceedings, like motions to reopen or reconsider, for abuse of discretion. *Korytnyuk v. Ashcroft*, 396 F.3d 292, 279-83 (3d Cir. 2005); *Shardar v. Attorney General*, 503 F.3d 308, 311-12 (3d Cir. 2007). However, this court's review of the legal standards that the BIA applied when it denied Vakker's motion to remand is *de novo*: "questions of law, such as whether the BIA applied the correct legal standard in considering the motion to reopen and the underlying [legal] claim . . . are [] reviewed *de novo*." *Fadiga v. Attorney General*, 153-54 (3d Cir. 2007). *See also Cabrera-Perez v. Gonzales*, 456 F.3d 109, 115 (3d Cir. 2006).

## III

Vakker asserts that, following *Zheng*, he is facially eligible to renew his adjustment of status application, and that the BIA's decision denying his motion to remand on that issue was inadequate and denied him due process of the law. The Attorney General raises a jurisdictional challenge to Vakker's petition, which we will address before reaching the merits of Vakker's claims.

A

5

The Attorney General argues that Vakker's petition for review was untimely. Pursuant to 8 U.S.C. § 1252(b)(1), "a petition for review must be filed not later than thirty days after the date of the final order of removal." We have jurisdiction over Vakker's petition under 8 U.S.C. § 1252(a)(1) and § 1252(b)(2) only if the petition was timely. *See Stone v. I.N.S.*, 514 U.S. 386, 405 (1995) ("[j]udicial review provisions . . . are jurisdictional in nature"). We conclude that the petition was timely.

The BIA's February 14, 2006, "decision and order" resolved several issues and concluded with three "orders": one denying Vakker's motion to remand, one dismissing the Attorney General's appeal, and one remanding the proceedings to the IJ for certain identity and background checks that are a prerequisite to the entry of any order granting withholding of removal.[2] Upon completion of those checks, the IJ issued a final order on March 13, 2006, granting Vakker withholding of removal. Vakker filed his petition for review on March 17, 2006. App. at 2. Therefore, his petition was untimely if the BIA's decision was the pertinent "final order," and it was timely if the IJ's order upon remand was the "final order."

Ordinarily, when the BIA remands removal proceedings to the IJ pursuant to 8 C.F.R. §§ 1003.47(h), the "final order" in the removal proceedings is the IJ's order following remand. *In*

---

[2] The BIA remanded the petition to the IJ in accordance with 8 C.F.R § 1003.1(d)(6) and 8 C.F.R. § 1003.47(h). App. at 11.

6

*re Fabricio Alcantara-Perez*, 23 I. & N. Dec. 882 (B.I.A. Feb. 23, 2006).[3]  The Attorney General argues, however, that the various orders in the BIA's February 14, 2006, decision became

---

[3]The regulations themselves are fairly clear in this regard. For example, 8 C.F.R §. 1003.1(d)(6), provides:

> [t]he Board <u>shall not issue a decision affirming or granting</u> to an alien an immigration status, relief or protection from removal, or other immigration benefit, as provided in 8 C.F.R. § 1003.47(b), that requires completion of identity, law enforcement or security investigations or examinations if:
> (A)   identity, law enforcement or security investigations or examinations have not been completed during the proceedings; . . .

8 C.F.R. §1003.1(d)(6)(i)(A) (emphasis added).  Similarly, § 1003.47 provides as follows:

> (h) Adjudication upon remand from the Board.  In any case remanded pursuant to 8 C.F.R. §1003.1(d)(6), the immigration judge <u>shall consider</u> the results of the identity, law enforcement or security investigations or examinations . . . . The immigration judge <u>shall then enter an order granting or denying the immigration relief</u> sought.

8 C.F.R. § 1003.47(h) (emphasis added).

7

"final" at different times: that the BIA's order denying Vakker's motion to remand was a "final order," even if Vakker's removal proceedings became final later, in the IJ's March 13 order. We do not interpret the proceedings in that manner.

Certainly, orders denying motions to remand, like orders denying motions to reopen or reconsider, can qualify as independent final orders over which this court can, in appropriate circumstances, assume jurisdiction. *See Korytnyuk v. Ashcroft*, 396 F.3d 292, 279-83 (3d Cir. 2005); *Shardar v. Attorney General*, 503 F.3d 308, 311-12 (3d Cir. 2007); *Cruz v. Attorney General*, 452 F.3d 240, 246 (3d Cir. 2006); *Sevoian v. Ashcroft*, 290 F.3d 166, 169-75 (3d Cir. 2002). Indeed, this court has stated that:

> we can independently review the denial of a motion to reopen or reconsider . . . [and] a proper petition for review must be filed within [the appropriate time] *of the specific order* sought to be reviewed.

*Alleyne v. I.N.S.*, 879 F.2d 1177, 1180 (3d Cir. 1989) (emphasis in original; internal quotation omitted). However, these cases do not establish that an order denying a motion to remand necessarily becomes "final" immediately, irrespective of the status of the proceedings in which it is entered.

8 C.F.R. § 1003.2(c)(4) provides: "A motion to reopen a decision rendered by an Immigration Judge . . . that is filed while an appeal is pending before the Board, may be deemed a

8

motion to remand for further proceedings before the Immigration Judge . . . from whose decision the appeal was taken. Such motion <u>may be consolidated with, and considered by the Board in connection with, the appeal to the Board</u>." *Id.* (emphasis added).

Here, the BIA chose to consolidate petitioner's motion to remand with the Attorney General's appeal of Vakker's removal proceedings rather than to entertain that motion as an independent proceeding. It issued just one decision which addressed both the Attorney General's appeal and Vakker's motion. This was, of course, not surprising given that petitioner had originally raised both issues – relief from deportation, and renewal of his adjustment of status application – in the same hearings before the IJ, and the IJ had addressed both issues in those hearings. Petitioner presented the "adjustment of status" issue to the BIA in a motion to remand rather than in a traditional appeal only because the motion relied on intervening case law published after the IJ issued his original decision. Therefore, the two issues had in fact been considered and addressed jointly both by the IJ and by the BIA. As a result of the BIA's consolidation of these matters, it follows that its February 14, 2006, order did not finally adjudicate all issues in the proceeding in which it was entered and was therefore not a final order.

The Attorney General identifies no authority indicating that the pertinent judicial review provisions operated to render the BIA's orders "final" at different times under the circumstances of this case, and we find none. The Attorney General relies on *Popal v. Alberto Gonzales*, 416 F.3d 249 (3d

9

Cir. 2005). That case is inapposite: it concerned exhaustion rather than what constitutes a "final order," and its reasoning does not support the notion that there were multiple "final orders" in this case. The most sensible interpretation of 8 U.S.C. § 1252(b)(1) in this case is that the consolidated proceedings became "final" at the same time. As the BIA has explained, once the BIA determines that an alien is "eligible for the relief requested" and remands the deportation proceeding to the IJ for the requisite background checks, the IJ's ensuing order "granting relief . . . then becomes the final administrative order in the case." *In re Fabricio Alcantara-Perez*, 23 I. & N. Dec. at 884-85. Although *In re Fabricio Alcantara-Perez* did not address the precise question before us, it recognized that the IJ's final order applies to the "case," rather than "issue" or the "relief granted." That was true irrespective of the fact that such remands do not "provid[e] an opportunity for the parties to relitigate issues that were previously considered and decided." *Id*. We find no reason to reach a different conclusion in this case, and we hold that the BIA's denial of Vakker's motion to remand became final at the same time as the remainder of Vakker's "case": at the time of the IJ's March 13, 2006, order. Vakker's petition for review was therefore timely.

B

Vakker argues that he had become "at least facially eligible" to renew his application for adjustment of status following this court's decision in *Zheng v. Gonzales*, 422 F.3d 98 (3d Cir. 2005), and that the BIA's decision denying his motion to remand was inadequate because the BIA failed to specify which requirements rendered him ineligible. Vakker

10

also insists that the BIA's decision violated his Due Process rights. Finally, Vakker contends that we should grant his petition in order to afford the BIA an opportunity to assess his motion in light of interim regulations passed by CIS subsequent to the BIA's decision.

The BIA's decision was neither inadequate for failing to "specify which of the mandated requirements Petitioner failed to meet," Petitioner's Br. at 25, nor violated Vakker's Due Process rights. The BIA's opinion recognized that our decision in *Zheng*, 422 F.3d at 119-20, invalidated the prior 8 C.F.R. §1245.1(c)(8), insofar as it had categorically rendered all "paroled" aliens ineligible to apply for adjustment of status. App. at 10-11. However, the BIA ruled that Vakker was nevertheless ineligible to have his request to renew his adjustment of status application reconsidered in the course of his removal proceedings. As the BIA explained, "the respondent remains ineligible to renew his adjustment application because he does not meet the renewal requirements under 8 C.F.R. § 1245.2(a)." App. at 10-11. At the time of the BIA's decision, that regulation set forth the following rule:

> An adjustment application by an alien paroled under section 212(d)(5) of the Act, which has been denied by the director, may be renewed in removal proceedings under 8 CFR part 1240 only if:
>
> (i) the denied application must have been properly filed . . . ; and

11

(ii) The applicant's later absence and return to the United States was under the terms of an advance parole authorization on Form I-512 granted to permit the applicant's absence and return to pursue the previously filed adjustment application.

8 C.F.R. § 1245.2(a)(1) (amended May 12, 2006).

Petitioner was a "paroled" alien seeking to renew a previously denied application, and he does not argue that the exception specified in § 1245.2(a)(1)(i) and (ii) applies to him. Petitioner was "in removal proceedings," 8 C.F.R. § 1245.2(a)(1) (amended May 12, 2006), both when he filed his motion to remand and when the BIA denied it. Vakker points to no reason why, given the plain language of § 1245.2(a)(1), he would have been eligible to renew his application in his removal proceedings before the IJ. Therefore, the BIA's decision to deny Vakker's motion to remand was not in error. Similarly, the BIA's decision did not deny Vakker due process of the law because the BIA considered Vakker's motion and properly denied it, providing adequate explanation and authority to support its decision.

We disagree with petitioner insofar as he argues that the BIA's decision was insufficient because it "cited no factor that rendered the *Zheng* decision inapplicable to Petitioner's request for remand." Petitioner's Br. at 25. The BIA cited *Jiang v. Gonzales*, 425 F.3d 649 (9th Cir. 2005), which held that § 1245.2(a), unlike the regulation invalidated in *Zheng*, was not contrary to the INA. *Id.* at 653 ("we reject Jiang's claim that 8

12

C.F.R. § 1245.2(a) . . . is invalid because it violates INA § 245(a) . . . . [That regulation] is not inconsistent with the provisions of the INA.").  In *Zheng* we held that 8 C.F.R. § 1245.1(c)(8) (repealed May 12, 2006) was contrary to the Congressional intent behind INA § 245(a) because it categorically precluded all "parolees" from having their adjustment of status applications considered in the first instance. The court pointed out in *Jiang* that the same rationale did not apply to § 1245.2(a)(1) (amended May 12, 2006), which (with limited exceptions) only precluded paroled aliens from having a previously denied application *re*-considered during removal proceedings.

Although the CIS recently revised § 1245.2(a)(1), that revision occurred after the BIA issued its decision, and in any event, the revised regulations appear to offer Vakker no greater support than the previous versions.  The revised regulations state:

> (i)  In General.  In the case of any alien who has been placed in deportation proceedings or in removal proceedings (other than as an arriving alien), the immigration judge hearing the proceedings has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file.

> (ii) Arriving Aliens.  In the case of an arriving alien who is placed in removal proceedings, the immigration judge does not have jurisdiction to adjudicate any application for adjustment of status

13

> filed by the arriving alien unless: [four enumerated conditions are satisfied].

8 C.F.R. § 1245.2(a)(1). "Paroled" aliens are generally "arriving aliens," *see* 8 C.F.R. §§ 1.1(q), 1001.1(q); *Zheng*, 422 F.3d at 110-11 and n.10, and petitioner does not argue that he is not an "arriving alien." Nor does petitioner argue that the § 1245.2(a)(1) exception, *see* § 1245.2(a)(1)(ii)(A)-(D), applies to him. Instead, petitioner argues that "pursuant to the interim rules, the removal proceedings cannot be concluded without a determination from the agency regarding [his] application." Petitioner's Br. at 27. He offers no support for that argument and no explanation for why it is consistent with § 1245.2(a)(1)(ii). Petitioner further emphasizes that he is no longer in removal proceedings because a final order has issued in his proceedings. However, he was in removal proceedings both when he filed his motion with the BIA, and when the BIA denied it. Furthermore, petitioner seeks to have his claim remanded to the IJ; if he is no longer in removal proceedings, under the interim regulations the IJ plainly lacks jurisdiction to hear the claim. 8 C.F.R. § 245.2(a)(1) ("USCIS has jurisdiction to adjudicate an application for adjustment of status filed by an alien, unless the Immigration Judge has jurisdiction to adjudicate the application under 8 C.F.R. § 1245.2(a)(1)."); 8 C.F.R. § 1245.2(a)(1) (*see supra*). Therefore, petitioner has offered no argument why the new regulations would better aid his cause than the version in force at the time the BIA decided his motion. We express no opinion regarding whether Vakker might be entitled to renew his application in another manner, but the BIA did not err when it denied his motion to remand his proceedings in order to renew his application before the IJ.

14

**IV**

For the foregoing reasons, we will deny the petition for review.