

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-9-2008

# Conde v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3615

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Conde v. Atty Gen USA" (2008). *2008 Decisions.* Paper 864.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/864

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-3615

———————

AISSATOU CONDE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

———————————————————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A95 841 422)
Immigration Judge: Honorable Donald Vincent Ferlise

———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 9, 2008
Before: BARRY, SMITH and HARDIMAN, Circuit Judges

(Opinion filed July 9, 2008)

———————

OPINION

———————

PER CURIAM

Aissatou Conde, a native and citizen of Guinea, entered the United States in

December 2002. She was charged with removability under Immigration and Nationality

Act ("INA") § 237(a)(1)(A) [8 U.S.C. § 1227(a)(1)(A)], as an alien not in possession of a

valid entry document. Conde conceded her removability but applied for asylum,

withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). She claimed that she was persecuted because of her affiliation with the political opposition party RPG. See Fadiga v. Attorney General, 488 F.3d 142, 147 & n.8 (3d Cir. 2007) (discussing origins of RPG party). In particular, Conde asserted that she was assaulted in school by a group of students who supported a candidate for another political party, that she was attacked by police during a political demonstration, and that she was arrested, imprisoned, beaten and raped.

Citing several alleged inconsistencies in her story, the Immigration Judge ("IJ") denied relief, finding that Conde "fabricated her entire case in chief." Conde appealed and filed a motion to remand, asserting for the first time that she had been subjected to female genital mutilation ("FGM"). In June 2007, the Board of Immigration Appeals ("BIA") dismissed the appeal, finding no clear error in the IJ's adverse credibility determination. The Board also denied the motion to remand because the FGM claim did not involve new and material evidence. Conde filed a timely petition for review of the BIA's decision.

An applicant for asylum has the burden of establishing that she is unable or unwilling to return to her home country "because of [past] persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]" INA § 101(a)(42)(A) [8 U.S.C. § 1101(a)(42)(A)]; see 8 C.F.R. 208.13(a); Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001). This Court reviews the determination that an applicant has failed to

2

demonstrate past persecution or a well-founded fear of future persecution under the substantial evidence standard. See Abdille, 242 F.3d at 483. That standard is also used to review adverse credibility determinations. See Balasubramanrim v. INS, 143 F.3d 157, 161 (3d Cir. 1998). Adverse credibility determinations based on speculation or conjecture are not upheld. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). In general, "minor inconsistencies and minor admissions that reveal nothing about an . . . applicant's fear for his safety are not an adequate basis for an adverse credibility finding." Id. Any discrepancies must involve the heart of the claim.[1] Id. Because the BIA explicitly approved of one of the IJ's adverse credibility determinations and implicitly adopted the IJ's other findings, we review the decisions of both the BIA and the IJ. See Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004).

Although the core of this case involves the adverse credibility determinations, Conde devotes a majority of her opening brief to arguing that she is eligible for asylum because she was forced to undergo FGM. The BIA never reached this issue, however, which was raised for the first time in a motion to remand the proceedings. Instead, the Board denied the motion to remand because the FGM claim could have been discovered and presented prior to the hearing before the IJ and because Conde had failed to establish that her former counsel was ineffective. See 8 C.F.R. § 1003.2(c)(1); Korytnyuk v.

---

[1] The provisions of the Real ID Act of 2005 that address the Court's review of an adverse credibility finding do not apply in this case because Conde applied for relief before the Act's effective date. See Kaur v. Gonzales, 418 F.3d 1061, 1064 n.1 (9th Cir. 2005).

3

Ashcroft, 396 F.3d 272, 282 (3d Cir. 2005) (holding that a motion to remand is equivalent to motion to reopen filed while appeal is pending). Importantly, as the government points out, Conde has made no effort to demonstrate that the BIA abused its discretion in denying the motion to remand. See Vakker v. Att'y Gen., 519 F.3d 143, 146 (3d Cir. 2008) (stating that this Court "generally reviews motions to remand deportation proceedings, like motions to reopen or reconsider, for abuse of discretion."). The failure to identify or argue an issue in an opening brief constitutes waiver of that argument on appeal. See Lie v. Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005). Here, because Conde mentions the denial of the motion to remand only in the "Statement of the Case and Fact" section of her brief, she has waived her challenge to that portion of the BIA's order. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir. 1996) (citations omitted) (holding that an issue referred to in the statement of the case but not discussed in the body of the opening brief is deemed waived").

Moreover, although Conde does allege that "the IJ's lack of credibility determination, affirmed by the BIA, was not supported by substantial evidence," she fails to address with any degree of specificity the findings supporting that determination. Rather, she merely claims that the IJ relied on "a few inconsistencies that were not material to [her] asylum application." But Conde's brief never identifies any of those inconsistencies, much less explains why they were not supported by substantial evidence. Conde also asserts in conclusory fashion that "the tone, tenor, disparagement and the sarcasm of the IJ tainted the proceedings in such a way that Petitioner was not able to

4

present [her] case." The only evidence offered in support of this argument is a short exchange between Conde and the IJ concerning the date that she allegedly was attacked in school. This minor excerpt from the hearing, which by itself does not reflect improper conduct by the IJ, fails to demonstrate that Conde's ability to present her claim was prejudiced. See Cham v. Att'y Gen., 445 F.3d 683, 692 (3d Cir. 2006). Because Conde has been represented by counsel in these proceedings, "it is not our obligation to ferret out [her] arguments. That, after all, is the purpose of briefing." McCarthy v. SEC, 406 F.3d 179, 186 (2d Cir. 2005). We do not find that manifest injustice would result if we decline to reach the adverse credibility determinations. See Filja v. Gonzales, 447 F.3d 241, 256 n.8 (3d Cir. 2006). Under the circumstances, Conde's generalized arguments lack the specificity required to preserve for review any challenge to the credibility finding. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming fear of future persecution claim abandoned where petitioner devoted only a single conclusory sentence to his argument).

For the foregoing reasons, we will deny the petition for review.