

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2009

# Fatima v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1950

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Fatima v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1240.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1240

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1950
_____

TAHSEEN FATIMA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A97-438-984)
Immigration Judge: Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2009
Before: BARRY, SMITH and GARTH, Circuit Judges

(Opinion filed: June 4, 2009)
_____

OPINION
_____

PER CURIAM

Tahseen Fatima, a Pakistani native and citizen, petitions for review of a final order

of the Board of Immigration Appeals ("BIA"), affirming the Immigration Judge's ("IJ")

denial of her application for asylum, withholding of removal and protection under the

Convention Against Torture ("CAT"). For the following reasons, we will deny the petition.

Fatima entered the United States in April 1997, and in March 2004 the Department of Homeland Security charged her as removable under 8 U.S.C. § 1182(a)(6)(A)(i). At a hearing before the IJ, Fatima conceded removability and applied for asylum, withholding of removal, and protection under the CAT. Before the IJ, Fatima testified that she was a Sunni Muslim from Gujrat, Pakistan; that she was single and divorced from her husband, Ahmad Ehsan, whom she married in Pakistan; and that because she disobeyed her parents by running away from home and marrying Ehsan, who was from a different caste, her male relatives in Pakistan would kill her for dishonoring her parents' wishes regarding her marriage. Fatima also stated that she could not relocate to a different region in Pakistan because her family and extended family had contacts throughout the country. In addition to her testimony, Fatima submitted the State Department's 2003 Report on Human Rights Practices for Pakistan and internet articles on honor killings, or "Karo Kari," in Pakistan. (Administrative Record at 69.)

The IJ denied her asylum application as untimely and found that Fatima failed to show changed or extraordinary circumstances which would excuse the untimeliness. (Id. at 71.) In regard to Fatima's application for withholding of removal, the IJ found that she failed to provide any corroborating evidence to supplement her testimony that she feared persecution from her family members. Accordingly, the IJ found that Fatima failed to

meet her burden of proof with regard to withholding of removal or the CAT.  (Id. at 74.)

Fatima appealed to the BIA, which adopted and affirmed the IJ's decision.  (Id. at 2).  Before the BIA, Fatima attempted to introduce documents which she did not produce before the IJ.  These documents included copies of passports and Social Security cards for her two children, her birth certificate, Ehsan's birth certificate, a marriage certificate, a birth certificate for one of her children, and a report from the United Kingdom entitled "Pakistan Country Report."  Fatima also requested that the BIA remand her case to the IJ so it could consider the new documents she submitted.  (Id. at 12.)  The BIA, adopting and affirming the IJ's decision, found that Fatima failed to meet the burden of proof required to attain withholding of removal and denied her motion to remand because she did not establish that the documents were previously unavailable or that they would have changed the outcome of her application.  (Id. at 2.)  Fatima has filed a pro se petition for review from the BIA's order.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a).  We uphold the BIA's determinations if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole.  Yusupov v. Att'y Gen., 518 F.3d 185, 197 (3d Cir. 2008).  Under the substantial evidence standard, "the BIA's finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it."  Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001) (citing INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992)).  Where the BIA substantially adopts the findings of the IJ, we

3

review the decisions of both the IJ and the BIA. He Chun Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We review motions to remand removal proceedings under an abuse of discretion standard. See Vakker v. Att'y Gen., 519 F.3d 143, 146 (3d Cir. 2008).

While Fatima attempts to challenge the BIA's denial of her asylum application, it is well settled that we do not have jurisdiction to review the IJ and BIA's determination that such an application was not filed within the one-year limitations period. See 8 U.S.C. § 1158(a)(3); Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003). To be eligible for withholding of removal, Fatima must demonstrate that there is a clear probability that her life would be threatened upon her removal to Pakistan on account of her race, religion, nationality, membership in a particular social group, or political opinion. Chen v. Gonzales, 434 F.3d 212, 216 (3d Cir. 2005).[1]

Fatima asserts that the BIA and IJ failed to consider her testimony and supporting documentation about Karo Kari. It is clear from the IJ and the BIA's decisions, however, that both considered her testimony and found it insufficiently supported by corroborating evidence. See Sandie v. Att'y Gen., 562 F.3d 246, 252 (3d Cir. 2009) (Even if an applicant's testimony is credible, it may not be sufficient to meet the applicant's burden of proof.)

Substantial evidence supports the BIA's determination that Fatima failed to meet her burden of proof with sufficient corroborating evidence. The BIA's rule regarding

---

[1] Fatima does not raise any arguments before this Court with regard to her CAT claim.

corroborating evidence contemplates a three-part inquiry: "1) identification of the facts for which 'it is reasonable to expect corroboration;' 2) an inquiry as to whether the applicant has provided information corroborating the relevant facts; and, if [she] has not, 3) an analysis of whether the applicant has adequately explained [her] failure to do so." Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001) (citation omitted). Here, the BIA pointed out that Fatima failed to produce testimony or affidavits from witnesses with knowledge of her family's anger over her marriage. (Administrative Record at 2.) As the IJ noted, at the time of the hearing, Fatima had been living in the United States for eight years, and during that time "she would have spoken to a friend, or a co-worker, or a religious adviser, with regard to the problems that she had suffered in Pakistan because of her marriage and because of her family." (Id. at 73.) Thus, it was not unreasonable for the BIA and the IJ to expect corroboration on this point.

Fatima testified that her attorney did not inform her that she needed to submit documents; however, she did not file an ineffective assistance of counsel claim with the BIA. Moreover, the documents she submitted only prove that she has two children who are American citizens and that she was married to a man named Ahmed Ehsan. She did not submit any evidence which shows that her family would attempt to harm her if she returned to Pakistan. Therefore, substantial evidence supports the BIA's finding that Fatima did not adequately explain her failure to produce corroborating evidence.

Similarly, the BIA did not abuse its discretion in denying Fatima's motion to

remand. A motion to remand filed while an appeal is pending before the BIA is functionally equivalent to a motion to reopen. Korytnyuk v. Ashcroft, 396 F.3d 272, 282 (3d Cir. 2005). A motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." See 8 C.F.R. § 1003.2(c)(1). Because Fatima failed to prove that the documents she submitted to the BIA could not have been previously discovered, the BIA did not abuse its discretion in denying the motion.

For the foregoing reasons, we will deny Fatima's petition for review.