**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3377
_____

GARMEI MARIE KENNEDY,
                                                Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A078-210-436)
Immigration Judge: Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 25, 2010
Before:  SCIRICA, SMITH and WEIS, Circuit Judges

(Opinion Filed: August 27, 2010)

_____

OPINION
_____

PER CURIAM.

        Garmei Marie Kennedy petitions for review of an order of the Board of

Immigration Appeals ("BIA") denying her motion to reopen her removal proceeding.  We

will dismiss the petition.

1

Kennedy is a citizen of Liberia. An Immigration Judge ("IJ") denied her claims for asylum and other forms of relief and ordered her removal to Liberia. The IJ concluded that Kennedy voluntarily assisted in the persecution of others while in Liberia and is thus ineligible for asylum or withholding of removal under the so-called "persecutor bar." See 8 U.S.C. §§ 1101(a)(42), 1158(b)(2)(A)(i) and 1231(b)(3)(B)(i). The IJ also rejected Kennedy's claims on the merits. The BIA summarily affirmed on July 9, 2004. Kennedy did not petition for review, timely or otherwise, so we lack jurisdiction to review these underlying rulings. See Vakker v. Att'y Gen., 519 F.3d 143, 146 (3d Cir. 2008) (citing Stone v. INS, 514 U.S. 386, 405 (1995)).

The Supreme Court later decided Negusie v. Holder, 129 S. Ct. 1159 (2009), in which it remanded for the BIA to reconsider its long-standing position that the persecutor bar applies even if an alien's participation in persecution was involuntary.[1] The IJ found that Kennedy's participation in persecution was voluntary. Although Kennedy did not seek review of that finding, she filed a motion to reopen on the basis of Negusie. She acknowledged that her motion was untimely because she did not file it

---

[1] The Supreme Court held that the BIA's reasoning was invalid because the BIA believed itself bound on the issue by Fedorenko v. United States, 449 U.S. 490 (1981), which addressed a different statutory scheme. See Negusie, 129 S. Ct. at 1165-66. The Court remanded for the BIA to reevaluate the issue without treating Fedorenko as controlling, though it acknowledged that the BIA might nevertheless reach the same conclusion. See id. at 1166-67.

within ninety days of the BIA's previous decision. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2. She requested, however, that the BIA exercise its authority to reopen sua sponte, see 8 C.F.R. § 1003.2(a), on the grounds that Negusie represents a fundamental change in the law. The BIA denied the motion on July 16, 2009, and Kennedy petitions for review.

## II.

We generally lack jurisdiction to review the BIA's decisions regarding reopening sua sponte because the regulation providing for that discretionary authority "offers no standard governing the agency's exercise of discretion." Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003). We have recognized an exception permitting review "if an agency 'announces and follows—by rule or by settled course of adjudication—a general policy by which its exercise of discretion will be governed[.]'" Id. (citation omitted). Kennedy argues that we have jurisdiction to review the BIA's ruling in this case because it has announced by course of adjudication a policy of reopening sua sponte when there has been a change in the law, which she argues Negusie represents.

We disagree. Kennedy relies primarily on three BIA decisions: In re X-G-W-, 22 I. & N. Dec. 71 (BIA 1998), abrogated on other grounds by In re G-C-L-, 23 I. & N. Dec. 359 (BIA 2002); In re G-D-, 22 I. & N. Dec. 1132 (BIA 1999); and In re Beckford, 22 I. & N. Dec. 1216 (BIA 2000). These decisions do not establish a general

policy of reopening on the basis of a change in the law.

In In re X-G-W-, the BIA announced a policy of reopening Chinese coercive family planning cases on the basis of legislation making eligible for asylum certain aliens who had not been eligible before. 22 I. & N. Dec. at 72-72. This ruling expressly applied only to a limited category of cases (and the BIA has since discontinued the policy, see In re G-C-L-, 23 I. & N. Dec. at 361-62). In In re G-D-, the BIA declined to reopen on the basis of an asserted change in law that represented only an "incremental" development rather than the kind of "fundamental change" at issue in In re X-G-W-. 22 I. & N. Dec. at 1135. The BIA explained that its decisions in these two cases were merely "examples of the circumstances in which we deem it appropriate or inappropriate to exercise our sua sponte authority to reopen[.]" Id. at 1134-35 (emphasis added). And In re Beckford did not involve a change in the law at all. The BIA in that case merely noted that untimely motions to reopen must, "at a minimum, . . . demonstrate a substantial likelihood that the result . . . would be changed if reopening is granted." 22 I. & N. Dec. at 1219 (emphasis added). It did not hold that it would reopen whenever there was a likelihood of a different result, let alone one based on a change in the law.

In sum, we cannot conclude that the BIA has announced a policy governing the exercise of its discretion under the circumstances presented here. Accordingly, we lack jurisdiction over Kennedy's petition for review and will dismiss it on that basis. The Government's motion for summary action is denied as moot.