**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4434
_____

ANASTACIO ASCENCIO-TORIBIO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES


_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A092-001-914)
Immigration Judge: Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2010

Before: BARRY, AMBRO and COWEN, Circuit Judges

(Opinion filed: October 5, 2010)
_____

OPINION
_____

PER CURIAM

        Anastacio Ascencio-Toribio petitions pro se for review of the order of the Board

of Immigration Appeals ("BIA") denying his motion to reopen its final order of removal.

We will deny the petition.

I.

Ascencio-Toribio is a citizen of Mexico and, since 1991, has been a lawful permanent resident of the United States. In 2007, he pleaded guilty in the United States District Court for the Eastern District of North Carolina to conspiring to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846. The District Court sentenced him to 135 months of imprisonment.

The Government later charged him as removable on the grounds that his conviction constitutes both an aggravated felony, see 8 U.S.C. § 1227(a)(2)(A)(iii), and a controlled substance violation, see 8 U.S.C. § 1227(a)(2)(B)(I). Before the Immigration Judge ("IJ"), Ascencio-Toribio conceded the charges through counsel. His counsel later sought and was granted permission to withdraw.

While his removal proceeding was pending, Ascencio-Toribio appealed his federal conviction, but the United States Court of Appeals for the Fourth Circuit dismissed it as untimely. He then filed a motion under 28 U.S.C. § 2255 arguing, inter alia, that his guilty plea was involuntary because his counsel and the trial judge told him, in the presence of a prosecuting attorney and an immigration official, that it would not result in his removal. That motion remains pending as of the date of this opinion.

On March 4, 2009, the IJ sustained the charges of removability and ordered Ascencio-Toribio's removal to Mexico. The IJ noted that he earlier had denied relief on the basis of Ascencio-Toribio's collateral attack on his conviction and deemed that

2

Ascencio-Toribio had abandoned any application for asylum or other relief because he still had not filed one over four months after the deadline for doing so. Ascencio-Toribio timely appealed to the BIA, which dismissed his appeal on the merits on June 5, 2009. Any petition for review of that ruling was due to be filed with this Court by July 6, 2009, but Ascencio-Toribio did not file one and we thus lack jurisdiction to review that ruling. See 8 U.S.C. § 1252(b)(1); Vakker v. Att'y Gen., 519 F.3d 143, 146 (3d Cir. 2008) (citing Stone v. INS, 514 U.S. 386, 405 (1995)).

Ascencio-Toribio later filed a motion to reopen his removal proceeding. The BIA denied it on November 16, 2009, and Ascencio-Toribio petitions for review of that ruling.

II.

We have jurisdiction to review the BIA's denial of reopening pursuant to 8 U.S.C. § 1252, and we do so for abuse of discretion. See Zheng v. Att'y Gen., 549 F.3d 260, 264-65 (3d Cir. 2008). Under that standard, "[w]e will not disturb the BIA's decisions 'unless they are found to be arbitrary, irrational, or contrary to law.'" Id. at 265 (citation omitted). We perceive no abuse of discretion here.

The BIA denied Ascencio-Toribio's motion on the grounds both that it was untimely and that, even considered on the merits, it did not present a basis to reopen or reconsider because it did not rely on any new or additional evidence or circumstances that he had not raised to the BIA in his appeal. See 8 C.F.R. § 1003.2(b)(1), (c)(1). The second point is sufficient to support the BIA's conclusion.

3

In his initial appeal to the BIA, Ascencio-Toribio argued primarily that his former counsel wrongfully failed to file an asylum application and that his collateral attack on his conviction—including his claims that he was told by his counsel and the trial judge he would not be removed as a result of his guilty plea—should entitle him to relief from the order of removal. (A.R. 18-23.) He also argued that the IJ violated his due process rights. As noted, we lack jurisdiction to review the BIA's treatment of these claims. In his motion to reopen, he argued the same grounds and did not present any new evidence or changed circumstances. (A.R. 6-12.) Thus, we cannot say that the BIA acted arbitrarily or contrary to law in finding no basis to reopen or reconsider its prior ruling.

For Ascencio-Toribio's benefit, we note that his federal conviction is final for immigration purposes notwithstanding the pendency of his collateral § 2255 proceeding. See Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008). However, if his federal conviction ultimately is invalidated in that proceeding, he may file another motion to reopen with the BIA on that basis, though we express no opinion on the merits of any such motion.

Accordingly, the petition for review is denied.

4