**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3240
_____

BASSEM MOAWAD HASSAN ELSAYED,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A98-496-291)
Immigration Judge:  Honorable Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 20, 2013

Before: FISHER, GARTH and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  February 21, 2013)
_____

OPINION
_____

PER CURIAM

　　Bassam Moawad Hassad Elsayed, a native and citizen of Egypt, entered the

United States on a tourist visa on June 28, 1998.  He obtained an F-1 student visa while

studying at Union County College, and remained in the United States illegally after his

1

student visa expired. On March 23, 2006, the Government issued a Notice to Appear charging Elsayed with being removable under INA §§ 237(a)(1)(B) and 237(a)(1)(C)(i) for being present in violation of law and for failing to maintain nonimmigrant status, respectively.

Elsayed sought asylum, withholding of removal, and protection under the Convention Against Torture on the basis that he would be targeted upon return to Egypt for being "Americanized." The Immigration Judge ("IJ") denied relief, and the Board of Immigration Appeals ("BIA") dismissed Elsayed's appeal on January 13, 2009. Elsayed filed a petition for review, which we denied. Elsayed v. Att'y Gen. of the U.S., 366 F. App'x 340 (3d Cir. 2010).

Subsequently, Elsayed submitted to the BIA a motion to reopen his removal proceedings. The BIA denied the motion on July 13, 2012, and Elsayed, through counsel, presents another petition for review. When he initially filed his petition for review, he cited the BIA's order of July 13, 2012; however, in his brief, he exclusively challenges the BIA's order of January 13, 2009, and the associated order of the IJ.

The first issue we must consider is our jurisdiction over Elsayed's petition. To the extent that Elsayed seeks to challenge the BIA's earlier order, we must dismiss his petition for lack of jurisdiction. The earlier order was issued on January 13, 2009, and Elsayed did not file the present petition for review until August 13, 2012, far outside the 30 days permitted by statute, see 8 U.S.C. § 1252(b)(1). Because the time limit is

2

mandatory and jurisdictional, we cannot now review the January order.[1]  See Vakker v.

Att'y Gen. of the U.S., 519 F.3d 143, 146-47 (3d Cir. 2008).  To the extent that Elsayed

presents a petition for review from the order denying his motion to reopen, such a petition

for review cannot serve as a challenge to the earlier order.  See Stone v. INS, 514 U.S.

386, 405 (1995); Nocon v. INS, 789 F. 2d 1028, 1033 (3d Cir. 1986).

Furthermore, to the extent that Elsayed now seeks review of the order denying the

motion to reopen, we will deny his petition.  Although he identified that order by date in

his petition, he raises no issues relating to it in his brief.  Accordingly, he has waived any

challenge to the BIA's order of July 13, 2012.  See Lie v. Ashcroft, 396 F.3d 530, 532 n.1

(3d Cir. 2005).

---

[1] Additionally, we note that we have already reviewed the order.