NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3934
_____

LUCILO FEDERICO BARONA,

Appellant

v.

UNITED STATES ATTORNEY GENERAL; EDWARD J. MCELROY,
New York District Director for I.N.S.; ANDREA QUARANTILLO,
New Jersey District Director for I.N.S.;
IMMIGRATION & NATURALIZATION SERVICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 03-cv-02084, 04-cv-00024, 05-cv-03600)
District Judge:  Honorable Mary L. Cooper
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2014

Before:  RENDELL, SMITH and HARDIMAN, *Circuit Judges*.

(Filed: March 10, 2014)

_____

OPINION
_____

HARDIMAN, *Circuit Judge*.

Lucilo Federico Barona appeals an order of the District Court dismissing his petition for writ of habeas corpus for failure to prosecute. We will affirm.

I

Barona is a 63-year-old citizen of the Dominican Republic who emigrated to San Juan, Puerto Rico, in his early twenties. On July 31, 2000, he was convicted of conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 and sentenced to 48 months in prison. On February 13, 2001, Barona appeared pro se before the Immigration Judge (IJ) and was given additional time to secure an attorney. Barona appeared pro se once again on May 22, 2001. Following that hearing, the IJ ordered his removal, citing the fact that he had been convicted of an aggravated felony.

Thereafter, Barona embarked upon a series of appeals. His first appeal, in which he filed an untimely brief after having received several extensions of time, was affirmed without opinion by the Board of Immigration Appeals (Board) on November 14, 2001. More than a year later, Barona filed a "notice of motion to remand" and an "affirmation" of counsel, which sought vacatur of the Board's November 14, 2001 order and requested the opportunity to file an asylum application. The Board construed this pleading as a motion to reopen and denied it on January 27, 2003. The Board held, *inter alia*, that

2

Barona did not properly support his motion to reopen and that he failed to establish prima facie evidence for relief under the Convention Against Torture.

Barona did not seek judicial review of the Board's January 27, 2003 order denying his motion to reopen. Instead, he filed a petition for writ of habeas corpus in the United States District Court for the Southern District of New York, which was transferred to the United States District Court for the District of New Jersey on May 7, 2003. In the meantime, on July 24, 2003, Barona filed a second motion to reopen with the Board. That motion was denied on August 27, 2003, however. In doing so, the Board again noted that Barona had been convicted of an aggravated felony, which precluded him from obtaining a waiver of inadmissibility. Barona failed to seek judicial review of the Board's order denying his second motion to reopen.

From 2004 until 2008, various docket actions occurred in Barona's federal case, none of which is germane to this appeal. What is relevant for our purposes is that on July 22, 2008, the District Court dismissed Barona's habeas case for failure to prosecute. Barona's notice of appeal was docketed in the District Court on September 9, 2008.

Barona's appeal to this Court began on September 23, 2008, when we docketed his motion to stay removal, which he purports to be a petition for review of the Board's order(s) entered years ago. Barona's case has languished in this Court for a variety of reasons, some justifiable and others inexplicable. Because those facts are immaterial to our disposition, we do not recount them. It suffices to say that Barona's pending

3

"petition" is his latest attempt to remain in the United States when he plainly has no right to do so.

II

Under the Immigration and Nationality Act § 242(b)(1), 8 U.S.C. § 1252(b)(1), a "petition for review must be filed not later than 30 days after the date of the final order of removal." Thus, Barona's 2008 "petition" is several years late. Consequently, we have no jurisdiction to adjudicate it. *See, e.g.*, *Vakker v. Att'y Gen.*, 519 F.3d 143, 146  (3d Cir. 2008). That fact, in conjunction with the fact that Barona raises no arguments challenging the District Court's order dismissing his habeas case, requires us to affirm.  An appropriate order follows.

4