GLD-007                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2827
_____

SAYED NISAR AHMAD AHMADI,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A025-357-429)
Immigration Judge:  Honorable Craig DeBernardis
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 1, 2016

Before:  CHAGARES, GREENAWAY, JR., and BARRY, Circuit Judges

(Opinion filed: October 27, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Because we write primarily for the parties, who are familiar with the facts, we will discuss the details of this case only to the extent they are necessary to our analysis. Sayid Nasir Ahmad Ahmadi, a citizen of Afghanistan who is currently living in Pakistan, entered the United States as a refugee in 1982. In 1997, the Government charged him as removable for having been convicted of a firearms violation and an aggravated felony. An Immigration Judge sustained the charges, but awarded Ahmadi relief under the Convention Against Torture ("CAT"). The Government took an appeal to the Board of Immigration Appeals ("BIA"). In May 2002, the BIA sustained the appeal and ordered Ahmadi removed. Ahmadi did not file a petition for review of that order. He filed a motion for reconsideration, which the BIA denied. Ahmadi did not petition for review of that order, either. He was removed from this country in February 2003.

In November 2014, Ahmadi filed a pro se motion for reconsideration or reopening in the BIA. After the BIA denied Ahmadi's motion, he filed a timely petition for review. Ultimately, we dismissed his petition in part (to the extent that Ahmadi sought to challenge the BIA's earlier orders) and denied it in part. Among other things, we rejected Ahmadi's challenge to the BIA's ruling on an ineffectiveness claim and his arguments under In re Beckford, 22 I. & N. Dec. 1216, 1219-20 (BIA 2000); id. at 1222 (Rosenberg, J., dissenting), that he presented an exceptional situation that warranted reopening sua sponte, namely that he is not removable or that his removal resulted in a gross miscarriage of justice. See Ahmadi v. Att'y Gen. of the U.S., C.A. No. 15-2100, order entered on Jan. 5, 2016. We also denied Ahmadi's subsequent requests for rehearing and

2

injunctive relief under 8 U.S.C. § 1252(f).

In April 2016, Ahmadi returned to the BIA with another motion, presenting claims similar to those in his earlier motion for reconsideration. On May 25, 2016, the BIA denied the motion. Considering it as a motion for reconsideration, the BIA concluded that it was a time-barred motion. Considering it as a motion to reopen, the BIA held that it was time- and number-barred. The BIA noted that it had already considered, in its April 2015 decision, Ahmadi's claim that an exception to the time limit for filing applied in light of ineffective assistance of counsel, changed country conditions, and exceptional circumstances. The BIA stated that Ahmadi reiterated the arguments already considered without presenting any new evidence (the BIA characterized the evidence of changed country conditions as cumulative). The BIA concluded that there was no reason to revisit previously resolved legal questions.

Ahmadi presents a petition for review that has also been docketed as a motion for a stay of removal. In the document challenging the BIA's ruling, Ahmadi seeks injunctive relief under 8 U.S.C. § 1252(f) to correct the "miscarriage of justice" in his case. The Government, in response to the "motion for a stay of removal," argues, inter alia, that the motion for a stay of removal should be denied as moot because Ahmadi was long ago removed from this country.

In his brief, Ahmadi charges that the BIA, by concluding that he raised issues already decided, was attempting to cover up the illegality of his deportation. He argues that a mistake in the BIA's opinion shows that the BIA abused its discretion and

3

intentionally disregarded anything that favored him. He maintains that he once more showed the BIA that he was entitled to CAT protection, a waiver of inadmissibility, and naturalization. He again relies on § 1252(f) for relief and as a basis to toll the time to file a petition for review. Ahmadi also challenges the ruling that his motion was number-barred. He asks us to declare that his convictions were irrelevant for removal purposes. With his request for immigration benefits, he includes a request for close to $100,000,000 in damages.

After Ahmadi filed his brief, the Government submitted a motion for summary action (and a stay of the briefing schedule), contending that Ahmadi presents no substantial question because he primarily seeks to relitigate issues previously addressed and rejected by us and the BIA. We agree with the Government, and we will summarily deny the petition for review to the extent that we have jurisdiction over it.[1] See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Given that Ahmadi was removed as an aggravated felon, our jurisdiction to review the BIA's decision is limited; however, we retain jurisdiction over constitutional

---

[1] To the extent that Ahmadi seeks to challenge the final order of removal entered by the BIA in May 2002 and/or the BIA's orders denying his earlier motions for reconsideration, we must dismiss his petition for lack of jurisdiction. Ahmadi's petition for review, filed in June 2016, is not timely as a challenge to those orders. See 8 U.S.C. § 1252(b)(1). Ahmadi's arguments for equitable tolling are unavailing; the time limit is mandatory and jurisdictional. Vakker v. Att'y Gen. of the U.S., 519 F.3d 143, 146-47 (3d Cir. 2008). Furthermore, his petition for review of the May 2016 BIA order cannot serve as a challenge to an earlier order. See Stone v. INS, 514 U.S. 386, 405 (1995); Nocon v. INS, 789 F. 2d 1028, 1033 (3d Cir. 1986).

4

claims and questions of law.  See Pierre v. Att'y Gen. of the U.S., 528 F.3d 180, 184 (3d Cir. 2008) (en banc) (citing 8 U.S.C. § 1252(a)(2)(C)-(D)).

We first reject Ahmadi's challenge to the BIA's decision-making process.  The decision does not suggest an attempt to cover up any issue with his removal.  Instead, as the BIA concluded, essentially Ahmadi again presented claims that had been previously rejected (in an order that was unsuccessfully challenged in a petition for review).  For instance, he continued to pursue his claim (based in part on a opposition to the use of his convictions as a basis for removal) that he is not removable or that his removal resulted in a gross miscarriage of justice, see In re Beckford, 22 I. & N. Dec. at 1219-20; id. at 1222 (Rosenberg, J., dissenting).

Ahmadi is correct that the BIA erred in stating that it dismissed his appeal from the IJ's order in 2002 (instead of stating that it sustained the Government appeal).  However, that mistake in recounting the procedural history of the case did not affect the outcome or indicate that the BIA gave the claims in Ahmadi's motion anything less than full consideration.  See Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir. 2002) (explaining that the BIA "'is not required to write an exegesis on every contention,' . . . but only to show that it has reviewed the record and grasped the movant's claims").

Also, the BIA did not err in ruling Ahmadi's motion time- and number-barred.  Most motions for reconsideration must be filed no later than 30 days after the date of the final administrative decision, and most motions to reopen must be filed no later than 90 days after the date of the final administrative decision.  See 8 U.S.C. § 1229a(c)(6)(B) &

5

(7)(A); 8 C.F.R. § 1003.2(b)(2) & (c)(2). Also, generally, an alien may file only one motion for reconsideration and one motion to reopen. See 8 U.S.C. § 1229a(c)(6) & (7)(A) (the latter subsection listing an exception not relevant here). Ahmadi asks us not to count the motion he filed more than a decade ago; even if we do not, he still has filed more than one. Also, his motion, as a motion for reconsideration or a motion to reopen, is filed long after the time allowed. The final order of removal issued in 2002.

In short, the BIA's ruling was not "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (quotation marks and citation omitted). Accordingly, to the extent that we have jurisdiction over the petition for review, we grant the Government's motion for summary action, and we will deny the petition. (As we noted, we will dismiss the petition to the extent that Ahmadi seeks review of earlier orders.) We deny Ahmadi's motion for a stay of removal and his requests for injunctive relief under 8 U.S.C. § 1252(f) and for damages. The motion for a stay of the briefing schedule is denied as moot.