NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2425
_____

UNITED STATES OF AMERICA

v.

PATRICK OWUSU,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-15-cr-0285-001)
District Judge:  Hon. James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
September 25, 2020

Before:   McKEE, JORDAN, and RENDELL, *Circuit Judges.*

(Filed: September 28, 2020)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

Patrick Owusu appeals the District Court's denial of a motion to dismiss his

indictment for hindering removal.  He argues that the Court erred in deciding his motion

_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

without first holding an evidentiary hearing. Because the District Court failed to address a threshold question before deciding whether to hold a hearing, we will vacate and remand.

## I. BACKGROUND

Patrick Owusu came to the United States from Sierra Leone as a legal permanent resident in 1996. He joined his mother here, and she became a United States citizen later that same year, though Owusu did not apply for citizenship at that time. He was later convicted of an aggravated felony, as a result of which he was ordered removed from the United States. Immigration officials attempted to enforce that order on two occasions, but Owusu physically resisted them both times. He was then indicted for hindering removal in violation of 8 U.S.C. § 1253(a)(1)(A)-(C).

Owusu filed a motion to dismiss the indictment, claiming to be a United States citizen. He pointed to two unsuccessful citizenship applications he had filed in which he claimed, for the first time, that he was born in 1980. Based on that claim, he argues that he was a minor when his mother became a naturalized citizen in 1996 and so he is entitled to derivative citizenship. 8 U.S.C. § 1432(a) (1999) (repealed and replaced by 8 U.S.C. § 1431(a)). The District Court denied his motion without holding an evidentiary hearing, ruling that it did not have jurisdiction, and in the alternative, that there was substantial evidence in the administrative record that Owusu is not a citizen. Owusu then pled guilty and was removed to Ghana.

He now appeals.

2

## II.    DISCUSSION[1]

The issue presented to us is whether the District Court erred in failing to hold an evidentiary hearing on Owusu's claim that he is a United States citizen.[2]  We cannot answer that question, however, because the District Court did not make the necessary threshold determination concerning whether there was a genuine issue of material fact.

Section 1252(b)(7)(B)(i) of title 8 of the United States Code provides that "[i]f the defendant claims in [a] motion to be a national of the United States and the district court finds that … no genuine issue of material fact about the defendant's nationality is presented, the court shall decide the motion only on the administrative record on which the removal order is based[.]"  In contrast, if the district court finds that "a genuine issue of material fact about the defendant's nationality is presented, the court shall hold a new hearing on the nationality claim[.]"  *Id.* § 1252(b)(7)(B)(ii).[3]  The District Court thus has

_____

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and 8 U.S.C. § 1252(b)(7).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review questions of law, such as whether the correct legal standard was applied, de novo.  *Vakker v. Attorney Gen. of U.S.*, 519 F.3d 143, 146 (3d Cir. 2008).

[2] The government originally contended that the District Court did not have jurisdiction over Owusu's motion.  But it concedes that we resolved that issue in favor of jurisdiction in our precedential opinion in *United States v. Dohou*, 948 F.3d 621 (3d Cir. 2020).

[3] Subsection (b)(7)(B) provides in full:

If the defendant claims in the motion to be a national of the United States and the district court finds that--
(i) no genuine issue of material fact about the defendant's nationality is presented, the court shall decide the motion only on the administrative record on which the removal order is based and the administrative findings

3

no discretion in the matter. There are only two possible outcomes – if the court concludes that there is a genuine issue of material fact, it "shall" hold a hearing; if it concludes there is no such issue, it "shall" not.[4] Here, unfortunately, the Court created an option three.

The Court did not make any finding regarding whether there was a genuine issue of material fact pertaining to Owusu's citizenship. It instead stated that its "analysis would be limited to whether the administrative findings of fact are supported by reasonable, substantial, and probative evidence on the record as a whole." (App. at 83.) It then ruled that there was substantial evidence in the record of Customs and Immigration Services' denial of Owusu's citizenship applications that Owusu was born in 1977 and thus not entitled to derivative citizenship on the basis of his mother's naturalization in 1996, at which point he was 19 years old and no longer a minor. But, as the plain language of the statute makes clear, substantial evidence review of the administrative record without an evidentiary hearing is only appropriate *after* the court

---

of fact are conclusive if supported by reasonable, substantial, and probative evidence on the record considered as a whole; or
(ii) a genuine issue of material fact about the defendant's nationality is presented, the court shall hold a new hearing on the nationality claim and decide that claim as if an action had been brought under section 2201 of Title 28.
The defendant may have such nationality claim decided only as provided in this subparagraph.

[4] In light of that mandatory language, the government's repeated insistence that the decision to hold an evidentiary hearing is committed to the discretion of the District Court is insupportable.

determines that there is no genuine issue of material fact regarding the defendant's nationality. The Court made no such determination here.

We will accordingly vacate and remand, so that the District Court can decide if Owusu's claim of citizenship presents a genuine issue of material fact. If it does, the Court must hold an evidentiary hearing. If it does not, the Court must decide the issue on the administrative record.[5] In either event, the Court should explain why the fact issue that Owusu raises is or is not a genuine issue of material fact.

III.    **CONCLUSION**

For the foregoing reasons, we will vacate and remand.

---

[5] On remand, the Court is also free to consider whether Owusu is required to administratively exhaust his claims under 8 U.S.C. § 1252(b)(7).

5