NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-4640
_____

DAN DONG,
                        Petitioner
                v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-683-411)
Immigration Judge: Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 24, 2010
Before: Chief Judge SCIRICA, SMITH and WEIS, Circuit Judges

Opinion filed March 31, 2010

_____

OPINION
_____

PER CURIAM.

        Petitioner, Dan Dong, seeks review of the Board of Immigration Appeals'

1

("BIA") final order of removal. For the following reasons, we will deny her petition.

Dong is a citizen of the People's Republic of China from Fujian Province who has resided unlawfully in the United States since 2000. In March 2006, she married Ming Lin, and the couple had two children, Jason and Bobby Lin. When the Department of Homeland Security later initiated removal proceedings against her, Dong sought asylum and related relief on the ground that, if removed to China, she would be forcibly sterilized because she had violated China's one-child family planning policy by giving birth to two children in this country.

Following a hearing, the Immigration Judge ("IJ") denied relief, finding that Dong had failed to demonstrate that she had a well-founded fear of persecution under 8 U.S.C. § 1101(a)(42) because the evidence did not establish that her fear of being subjected to involuntary sterilization at home was objectively reasonable. See Guo v. Ashcroft, 386 F.3d 556, 563 (3d Cir. 2004). In particular, the IJ concluded that Dong had failed to show either that she would be singled out for sterilization or that China has a pattern or practice of sterilizing women who return to the country with two foreign-born children. See 8 C.F.R. § 208.13(b)(2)(iii)(A). The IJ also denied Dong's related applications for withholding of removal and relief under the Convention Against Torture.

Dong appealed to the BIA. In addition to seeking review of the IJ's ruling, Dong also submitted hundreds of pages of documents to the BIA—most of which she had already submitted to the IJ—and requested in the alternative that the BIA remand the

2

matter for the IJ to address the additional evidence. Upon review, the BIA adopted and affirmed the IJ's decision, denied the request for a remand, and dismissed the appeal. Dong now petitions for review of the BIA's order.[1]

A. Applications for Asylum and Withholding of Removal

Upon review, we conclude that substantial evidence supports the denial of Dong's application for asylum. To establish eligibility for asylum on the ground that she had a well-founded fear of future persecution, Dong was required to demonstrate that: (1) her fear of persecution is genuine; and (2) "a reasonable person in [her] circumstances would fear persecution if returned to the country in question." Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003). To satisfy the second, so-called "objective prong," Dong had to show either that she would be individually "singled out" for persecution, or that there is a "pattern or practice" of persecution of similarly situated individuals. 8 C.F.R. § 208.13(b)(2)(iii)(A). The agency's findings on these questions "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

First, we agree with the IJ and BIA that Dong failed to establish that she would be singled out for persecution under 8 C.F.R. § 208.13(b)(2)(iii)(A), as the

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1). "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004).

evidence presented did not show that she had ever come into contact with family planning authorities in the past, or that her foreign-born children would necessarily "count" for purposes of China's family planning policy in the future.[2] Although Dong argues on appeal that a document issued by the State Department titled "Tips for Travelers to the People's Republic of China" clearly demonstrates that the distinction between children born in the United States and those born in China is a "distinction without a difference," (Br. 10) we disagree. This document states only that children born in the United States to Chinese citizens "are not recognized as U.S. citizens under Chinese nationality law;" it does not discuss how this policy may or may not relate to the nation's family planning policies. (AR 001225.) Dong also argues that the IJ and BIA "ignored prior precedent" holding that children born in the United States are treated no differently than children born in China. (Br. 11.) Curiously, however, the only authority that Dong cites in

---

[2] On appeal, the government argues that Dong failed to exhaust before the BIA the argument that she "had not been singled out [for persecution] within the meaning of the applicable regulation." (Br. 20.) See Abdulrahman v. Ashcroft, 330 F.3d 587, 594–95 (3d Cir. 2003) (explaining that an alien is required to raise and exhaust his remedies as to each claim in order to preserve his right to judicial review of all claims). To the extent that the government is claiming that Dong cannot argue for the first time on appeal that she was singled out for persecution in the past, we agree, although we do not read Dong's brief to be making such an argument. To the extent that the government is claiming that Dong failed to exhaust the argument that she would be singled out for persecution in the future, we disagree; although Dong did purport to limit her argument before the BIA to the IJ's finding that she had failed to establish a "pattern or practice" of persecution, she nonetheless challenged the IJ's determination that her foreign-born children would not "count" for purposes of China's family planning policy—a determination that the IJ made in the context of her "singled out" analysis.

support of this proposition is In re J-W-S-, 24 I&N Dec. 185 (BIA 2007), which held just the opposite.

We also agree with the IJ and BIA that the record evidence did not establish that the Chinese government engages in a pattern or practice of sterilizing individuals who return to Fujian Province after giving birth to two children in the United States. As the IJ noted, "[o]n balance, the evidence pointed to a marked decrease in enforcement of the family planning policy through forced abortion and/or sterilization and does not indicate that there is a pattern or practice of sterilizing individuals who return to China after having two children in the United States." (AR 001226.) Dong now argues that, in reaching this conclusion, the IJ failed to give adequate weight to the following evidence: (1) a 2005 report by the United Nations High Commission for Refugees; (2) a New York Times article regarding the persecution of an anti-family-planning advocate; and (3) various CNN.com and AsiaNews articles. We have reviewed these documents and cannot say that they compelled a ruling in Dong's favor; simply stated, none of these documents establishes that Chinese citizens who return to Fujian Province after giving birth to two children in the United States will be forcibly sterilized.[3]

_____

[3] Dong also argues that the BIA erred in failing to find that the record evidence demonstrated that she faced persecution in the form of excessive fines for violating the family planning policy. Based on our review of Dong's administrative appeal, however, we conclude that she failed to fairly present this argument to the BIA. (AR 000007–20.) Therefore, this argument is unexhausted. See Abdulrahman, 330 at 594–95.

5

For these reasons, we conclude that substantial evidence supports the agency's denial of Dong's claim for asylum. Furthermore, because Dong failed to show that she has a reasonable fear of future persecution under the lower burden of proof required for asylum, the agency correctly concluded that she was necessarily ineligible for withholding of removal. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430–32 (1987).

C. Motion to Remand

Dong also argues that the BIA abused its discretion in denying her motion to remand.[4] Because there is no express statutory authorization for a motion to remand, the BIA appropriately construed Dong's request as a motion to reopen. See In re Coelho, 20 I. & N. Dec. 464, 471 (BIA 1992). The BIA denied Dong's motion because she failed to satisfy the standard for reopening—i.e., she failed to demonstrate that the additional evidence was material or previously unavailable or undiscoverable, see 8 C.F.R. § 1003.2(c)(1), or that the evidence established prima facie eligibility for asylum. Specifically, the BIA found that a remand was not warranted because the majority of the evidence that Dong submitted had already been considered by the IJ, pre-dated the IJ's April 4, 2007 decision, or concerned events that took place outside of the Fujian Province.

On appeal, Dong argues that, contrary to the BIA's contention, "[t]he

---

[4] We review the BIA's denial of petitioners' motion for remand for abuse of discretion. See Vakker v. Att'y Gen., 519 F.3d 143, 146 (3d Cir. 2008).

documents submitted were relevant and material and most were not available or known to the Petitioner at the time of her individual hearing." (Br. 16.) In support of this argument, Dong identifies twelve documents.[5] But Dong presented all of these documents during her hearing before the IJ. (AR 001216–19.) Clearly then, the BIA did not err in concluding that it was unnecessary to remand the matter to the IJ to consider them.[6]

Dong also argues that the Board's decision "is incomplete on its face and

[5] Specifically, Dong identifies the following documents: (1) a New York Times article dated August 18, 2006; (2) a report from CNN.com about the government's treatment of Chinese women returning from Taiwan; (3) an April 27, 2006 report from the National Population and Family Planning Commission of China; (4) an affidavit from a Chinese national who was involuntarily sterilized after returning from Japan; (5) an article from Life Site News.com dated October 26, 2005; (6) a report from Time.com dated September 19, 2005; (7) an announcement from the Jieshi Town Family Planning Office concerning the family planning campaign; (8) an article from LifeSiteNews.com dated May 27, 2005; (9) a flyer from the Family Planning Office of Chang Le City; (10) a December 14, 2004 report from the U.S. House International Relations Committee; (11) John Aird's September 23, 2002 congressional testimony; and (12) Dr. Aird's September 1, 2004 affidavit. (Br. 17–21.)

[6] We note that Dong did submit a new document from the Ma Wei District Ting Jiang Town Family Planning Office (that her father-in-law had obtained on her behalf) that indicated that, because Dong had already given birth to two children, she "should be the target for sterilization." (AR 000113.) The BIA found that this document, which was dated December 21, 2007, did not provide a basis for reopening the proceedings because Dong could have solicited it from the town planning office before her hearing in the immigration court. In her brief, Dong does not directly challenge this conclusion, but instead argues that the BIA's consideration of this issue constituted improper fact-finding on review. (Br. 16.) Dong fails to cite any authority for this argument, however, and it is directly contradicted by the applicable regulation. See 8 C.F.R. § 1003.2(c)(1).

does not allow for meaningful review by this Court." (Br. 15.)  Contrary to Dong's contention, however, we find that the BIA's decision reflects that it fairly considered the record evidence; as we have previously explained, "[c]onsideration of all evidence does not require comment on all evidence."  Thu v. Att'y Gen., 510 F.3d 405, 416 n.16 (3d Cir. 2007); cf. Zheng, 549 F.3d 260, 271 (3d Cir. 2008) (holding that BIA's decision was inadequate because it "fail[ed] to offer even a cursory review of the record").

We have considered Dong's remaining arguments and conclude that they are without merit.[7]  Therefore, we will deny the petition for review.

---

[7]  Dong does not challenge the BIA's denial of her claim for relief under the Convention Against Torture.