**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3390
_____

XINGZHANG CHEN, a/k/a Xing Zhang Chen;
SHUYU LU, a/k/a Shu Yu Lu,
                                    Petitioners
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A89-908-498 and A77-845-636)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 4, 2012
Before:  FISHER, WEIS and BARRY, <u>Circuit</u> <u>Judges</u>.
(Opinion filed: May 9, 2012)
_____

OPINION
_____

PER CURIAM.

Petitioners, Xingzhang Chen and his wife, Shuyu Lu, seek review of a decision by

the Board of Immigration Appeals dismissing their appeals from denial of asylum,

withholding of removal, and protection under the Convention Against Torture. For the reasons that follow, we deny their petition for review.

## I.

Xingzhang Chen and his wife, Shuyu Lu, (the "Petitioners") are citizens of China who have been in the United States since 1999 and 2000, respectively. They married while in this country and now have two children who were born in the United States.

Each Petitioner conceded removability. Petitioner Chen applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), sections 208 and 241(b)(3) of the Immigration and Nationality Act, 8 C.F.R. §§1208.13, 1208.16 - .18, with his wife as an intended beneficiary under his application. Because Petitioner Lu's claims are derivative of her husband's, the success of her application relies upon her husband establishing his entitlement to protection.

Petitioner Chen's application is predicated upon his fear that, because of his resistance to China's family planning policies, he will be persecuted if he is returned to China; specifically, Chen fears that because he had two children while in the United States, he or his wife will be forcibly sterilized and/or that he will be required to pay a large fine upon returning to China with his family.

Petitioners' applications were heard by an Immigration Judge (the "IJ") who found that although Chen was a credible witness, the record as a whole did not establish that either he or his wife faces a reasonable possibility of being forcibly sterilized or otherwise persecuted upon return to China. The IJ therefore denied both applications.

Petitioners timely appealed the IJ's decision to the Board of Immigration Appeals (the "BIA"). The BIA dismissed Petitioners' appeals, holding in its own written opinion that the record developed failed to establish Chen's entitlement to asylum, failed to satisfy the more stringent requirements for his withholding of removal, and failed to demonstrate his eligibility for protection under the CAT. In addition, the BIA denied what it construed to be Petitioners' motion to reopen based upon new evidence, determining Petitioners had failed to demonstrate that the new evidence would likely change the result of the case. Petitioners timely sought review from this Court and moved to stay the BIA ruling pending review. We previously denied the motion for stay and now deny the petition for review.

## II.

This Court has jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). *See Abdulai v. Ashcroft*, 239 F.3d 542, 547 (3d Cir. 2001). In this instance, because the BIA issued its own opinion on the merits, we review its decision rather than that of the IJ. *See Li v. Att'y Gen.*, 400 F.3d 157, 162 (3d Cir. 2005). However, to the extent the BIA deferred to or adopted the IJ's reasoning, we also look to and consider the decision of the IJ on those points. *See Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir. 2006).

We review the factual findings under the substantial evidence standard, *see Briseno-Flores v. Att'y Gen.*, 492 F.3d 226, 228 (3d Cir. 2007), upholding them "unless

3

any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). Legal conclusions, including applications of law to undisputed facts of record, are reviewed *de novo*. *See Francois v. Gonzales*, 448 F.3d 645, 648 (3d Cir. 2006). In summary, when "reviewing decisions of the BIA, this Court applies a deferential standard of review. … So long as the BIA's decision is supported by 'reasonable, substantial, and probative evidence on the record considered as a whole,' we will not disturb the BIA's disposition of the case." *Chavarria*, 446 F.3d at 515 (*quoting INS v. Elias-Zacaris,* 502 U.S. 478, 481(1992)). The BIA's denial of a motion to reopen is reviewed under the abuse of discretion standard, *see Vakker v. Att'y Gen.*, 519 F.3d 143, 146 (3d Cir. 2008).

## III.

The BIA's opinion reveals that it undertook a thorough review of Petitioners' claims and the evidence of record. The agency's resolution of the appeals is reasoned and supported by substantial evidence. Even assuming Chen was a credible witness in testifying to his genuine fear of persecution, and thereby satisfying the first, subjective component of the "well-founded fear of persecution" test, *see Yu v. Att'y Gen.,* 513 F.3d 346, 348 (3d Cir. 2008), the facts of record do not establish the required second, objective component of the test, namely that his fear of persecution is objectively reasonable, *id.*

Petitioners' evidence of record, because of disparate infirmities (in some instances lack of any authentication, in some instances relating to differing circumstances, in some instances lacking indicia of trustworthiness etc.) may best be characterized as raising only

4

speculation of potential adverse actions, of undetermined severity, by the Chinese authorities. Evidence presented in opposition to Petitioners' applications, properly considered and weighed by the BIA, magnifies the speculative nature of Petitioners' own case. Such a record does not satisfy Petitioners' burdens on any of their claims.

In seeking review, Petitioners first argue that the BIA incorrectly reviewed their evidence under a *de novo* standard instead of the clearly erroneous standard. However, at the beginning of its opinion, the BIA stated that it reviewed findings of fact and credibility under the clearly erroneous standard, and applied a *de novo* standard to remaining issues, including whether the burden of proof is met and issues of discretion. That is the correct approach and presents no error. *See Kaplun v. Att'y Gen.*, 602 F.3d 260, 268 (3d Cir. 2010); *Yusupov v. Att'y Gen.*, 650 F.3d 968 (3d Cir. 2011).

Petitioners next argue that the BIA considered evidence in the record in a selective and arbitrary manner. They maintain that the BIA relied excessively on State Department reports, *see, e.g., Chen v. INS,* 359 F.3d 121, 130 (2d Cir. 2004), and discounted other evidence for arbitrary reasons. In a similar vein, Petitioners assert that the BIA engaged in improper fact finding when reviewing the documentary evidence they submitted. Petitioners' arguments are not well founded.

The BIA's opinion in this instance, unlike that in *Huang v. Att'y Gen.*, 620 F.3d 372, 388-89 (3d Cir. 2010) relied upon by Petitioners (wherein this Court held the BIA may not ignore evidence favorable to an alien and must do more than "cherry-pick" a few pieces of evidence), indicates that the Board undertook a thorough review of the entire

5

record.   The BIA properly considered and weighed State Department reports which provided evidence contradicting  Petitioners' claim that their fear of persecution is objectively reasonable, *see Yu v. Att'y Gen.,* 513 F.3d at 349 (State Department reports may constitute substantial evidence), but the BIA also gave close consideration of  the evidence submitted by Petitioners.   It considered the documents they submitted from China (including, among others, an unsigned, unauthenticated notice from the "Villagers' Committee" regarding family planning policy and sanctions for violation of the policy and letters from family members recounting their own forced sterilization and fines for violations of the family planning policy).  However, as the BIA's opinion explains in detail, because the record reflects that such documents were either unauthenticated or lacked minimal indicia of trustworthiness, detailed the circumstances of individuals not similarly situated, and/or were from interested witnesses who were unavailable for cross-examination, the BIA gave them less weight in its consideration of Petitioners' applications.

While we have held that failure to authenticate under 8 C.F.R. § 287.6 does not warrant "per se exclusion of documentary evidence, and a petitioner is permitted to prove authenticity in another manner," the BIA correctly held that Petitioners' failure to authenticate certain of their evidence in any manner undermines its evidentiary value. *Chen v. Gonzales,* 434 F.3d 212, 218 n.6 (3d Cir. 2005).  Further, statements from other family members in China regarding their own experiences after having children in China were based on dissimilar circumstances   from those of Petitioners.  Accordingly, the

BIA's decision (like that of the IJ) to accord little weight to such evidence is reasonable and presents no error.

Moreover, as the BIA correctly noted, although Petitioners raised the specter of economic persecution by Chinese authorities, they failed to present evidence that Chen faced economic sanctions "so severe that they constitute a threat to life or freedom." *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993). Petitioners did not, for instance, provide any evidence other than Chen's personal estimate as to any potential fine for an individual in his circumstances.

Petitioners contend that BIA precedent does not preclude them from asylum eligibility based on their United States-born children. The BIA, however, did not hold that Petitioners were precluded from establishing eligibility, but ruled rather that they had failed to establish that there is a reasonable possibility Chen or his wife will be forcibly sterilized or otherwise persecuted for having had children without permission while in the United States.

As Petitioners failed to meet the burden of proof for entitlement to asylum, they failed to meet the higher burden for withholding of removal under 8 U.S.C. § 1231(b)(3). *See Lukwago v. Ashcroft*, 329 F.3d 157, 182 (3d Cir. 2003). Likewise, the record does not support their claim for CAT protection. *See id.* at 182-83.

### IV.

Finally, Petitioners contend the BIA abused its discretion in denying their motion for remand. The BIA properly interpreted Petitioners' motion as a motion to reopen. *See*

7

*Korytnyuk v. Ashcroft,* 396 F.3d 272, 282 (3d Cir. 2005). As noted above, we review the BIA's denial of the motion for abuse of discretion. *Id.; see also Vakker v. Att'y Gen.*, 519 F.3d 143, 146 (3d Cir. 2008).

In support of their motion, Petitioners submitted an unsworn statement from a Chinese citizen who recounts that after being removed to China he was forcibly sterilized as a sanction for having had two children while in the United States. Petitioners maintain that the BIA erred in failing to reopen the proceedings for consideration of such new evidence.

As noted by the BIA, the statement proffered by Petitioners was unsworn, unnotarized, reflected facts particular to another individual which may not be representative of Petitioners' circumstances, and may have been made for the purposes of litigation. Consequently, the BIA concluded that the Board could not be certain of the declarant's identity, "much less the reliability of the substance contained" in the statement. On that basis, we find the BIA acted within its discretion in finding the statement to be of insufficient evidentiary value to change the outcome of the case and in denying Petitioners' motion to reopen. *See Guo v. Ashcroft,* 386 F.3d 556, 563 & n.7 (3d Cir. 2004).