Bharat THACKAR, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES of
America, Respondent.

No. 12–2700.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Jan. 23, 2013.

Opinion filed: Jan. 31, 2013.

Jennifer M. Oltarsh, Esq., Oltarsh & Associates, New York, NY, for Petitioner.

Aimee J. Carmichael, Esq., Charles S. Greene, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., United States Department of Justice, Washington, DC, for Respondent.

Before: AMBRO, JORDAN and BARRY, Circuit Judges.

OPINION

PER CURIAM.

Bharat Thackar seeks review of his final order of removal. Although we write pri-

marily for the parties, who are familiar with the facts of this case, we will describe the background in some detail because the rulings and arguments at different stages of the agency proceedings are relevant to our decision here.

The Government charged Thackar, a citizen of India, as removable for having overstayed his non-immigrant visa. Thackar admitted that he overstayed the authorized period of admission, and the Immigration Judge ("IJ") upheld the charge. Thackar, a lawyer in his native country, sought asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") based on his interactions with members of a group called Students Islamic Movement of India ("SIMI") after he represented a plaintiff in a lawsuit (relating to a land dispute) against a defendant who was a member of SIMI.

The IJ found Thackar credible, then ruled that Thackar had shown that he was mistreated because of a private dispute, not because of his religion, social group, or other ground on which asylum may be granted. Although the IJ noted that Thackar had stated on cross-examination that his Hinduism was an additional reason for the attack, the IJ concluded that it was not the central reason and "did not play any part in this dispute as far as [the IJ could] tell." The IJ also stated that Thackar had not shown the government of India was unable or unwilling to control SIMI (or even provided documentation that SIMI existed). The IJ further held that, even if Thackar had suffered past persecution, he could live safely elsewhere in India, given its vast population and Hindu majority. The IJ denied the asylum and withholding claims on these grounds,

and also ruled that Thackar did not meet his burden for CAT relief.[1]

Thackar appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). The BIA remanded the matter because part of the record (an asylum application and affidavit) was missing. Without it, the BIA could not determine if the IJ had addressed all of Thackar's claims, including a possible claim of imputed political opinion that the Department of Homeland Security had mentioned. The remand was for further proceedings and the entry of a new decision. The IJ did not provide more analysis; instead, he issued an order to certify the record to the BIA and submitted the missing documents.

The BIA noted that the IJ had completed the record of proceedings pursuant to the remand and then dismissed the appeal. The BIA affirmed the credibility finding in favor of Thackar and agreed with the IJ that Thackar had not met his burden of proof for asylum because he did not demonstrate that a central motivation for SIMI's interest in him was his political opinion, religion, or other protected characteristic. The BIA held also that Thackar had not met the higher standard for withholding and ruled that he had waived his CAT claim by not presenting any factual or legal argument about it.

Thackar then filed a motion entitled "motion to reconsider claim for asylum and withholding of removal." Thackar argued that he needed only to have proved that the persecution he suffered was motivated in part by one of the protected grounds. He pointed to a statement in which he averred that he had taken the land dispute case in order to take a religious and political stand against SIMI. He contended that SIMI targeted him for his opposition to

---

1. In ruling, the IJ denied Thackar's wife's derivative application, too; however, Thac-  kar's wife is not a party to the petition for review pending before the Court.

SIMI's political and religious goals, stating that it had a goal of building a madrasa (an Islamic religious school and/or mosque) on land it had unlawfully occupied in India. Thackar also contended that the IJ was biased against him. With his motion, he included an affidavit (not unlike his earlier affidavit) signed in January 2012 and other documents.

The BIA denied Thackar's motion. The BIA explained that Thackar, in arguing that he was entitled to asylum because he established that the mistreatment was motivated in part by a protected ground, had relied on cases that predated the REAL ID Act amendments, which require that a protected ground was or will be "one central reason" for persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i). The BIA held that there had been no error in the application of the "one central reason" standard in Thackar's case. The BIA rejected the claim of IJ bias. The BIA also rejected Thackar's motion to the extent that it was also a motion to reopen.

Thackar presents a petition for review. He claims that the BIA abused its discretion by ignoring its first decision in failing to address a claim of imputed political opinion. He also contends that the BIA abused its discretion in concluding that there was no error in its earlier ruling that Thackar did not show the requisite nexus between the treatment he faced and the grounds protected by the asylum laws.

We note first that our jurisdiction does not extend to the BIA's earlier order dismissing Thackar's appeal. The earlier order was issued on January 10, 2012, and Thackar did not file a petition for review of it within the 30 days permitted by statute, *see* 8 U.S.C. § 1252(b)(1). Because the

time limit is mandatory and jurisdictional, the Court cannot review the January order. *See Vakker v. Att'y Gen.*, 519 F.3d 143, 146–47 (3d Cir.2008). Furthermore, Thackar's later petition for review from the order denying his motion cannot serve as a challenge to the earlier order. *See Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Nocon v. INS*, 789 F.2d 1028, 1033 (3d Cir.1986). Accordingly, to the extent that Thackar challenges the degree to which the BIA considered, in its second order in his case, any claim of imputed political opinion, we cannot review the matter.

We can review the BIA's order denying reconsideration.[2] *See* 8 U.S.C. § 1252(a); *Vakker*, 519 F.3d at 147. Our review of that order is for abuse of discretion. *See Castro v. Atty' Gen.*, 671 F.3d 356, 364 (3d Cir.2012) (citation omitted); *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir.2004) (citation omitted) (explaining that such a discretionary decision is not disturbed unless it is found to be arbitrary, irrational, or contrary to law); *Nocon*, 789 F.2d at 1033.

However, in our review of the BIA's order, we cannot consider an issue that Thackar did not raise before the agency. *See Lin v. Att'y Gen.*, 543 F.3d 114, 121–22 (3d Cir.2008). We have outlined above the focus of Thackar's motion before the BIA, and we have also reviewed the motion in more detail. With our knowledge of what Thackar argues on appeal, we can infer that Thackar may have been trying to approach the issue of an ignored claim of imputed political opinion when, in his preliminary statement in his motion to the BIA, he said that there was "no nexus between the Board's remand decision and the current decision." A.R. 23. However,

---

**2.** We also have jurisdiction over a decision denying reopening, *see Cruz v. Att'y Gen.*, 452 F.3d 240, 246 (3d Cir.2006), but Thackar does not appear to challenge that aspect of the BIA's decision. We note nonetheless that the decision to deny reopening is supported by the reasons given by the BIA.

he failed to articulate this claim before the BIA, and we have no reason to believe the BIA was on notice that he wanted the BIA to address a claim of persecution based on imputed political opinion. Accordingly, we review Thackar's nexus claim only as the BIA was presented with it.

■ The BIA's rejection of Thackar's argument that a protected ground needed to be only part of the motivation for any persecution was not contrary to law. The REAL ID Act amendments superseded earlier analysis that allowed relief on a showing that persecution was based "at least in part" by a protected ground. *See Li v. Att'y Gen.*, 633 F.3d 136, 142 n. 4 (3d Cir.2011) (citation omitted). The statute, as amended, now requires that an asylum seeker show that a protected ground " 'was or will be at least *one central reason* ' " for persecution. *See id.* (quoting and emphasizing the language of 8 U.S.C. § 1158(b)(1)(B)(i)); *see also Ndayshimiye v. Att'y Gen. of the U.S.*, 557 F.3d 124, 130–31 (3d Cir.2009).

■ Furthermore, the BIA reasonably concluded that the "one central reason" standard had been properly applied in Thackar's case. Thackar mentioned (without elaboration) his religion on cross-examination, and, in an early (but unsworn) document he submitted, discussed his motivation for taking the land-dispute case. The defendant in that suit may have been a SIMI member or have had SIMI interests. However, Thackar, in his testimony and affidavit, essentially described a dispute based on the institution and loss of a lawsuit. There is support in the record for the conclusion that the defendant in the land dispute attacked him for representing the plaintiff in the case and attacked him again when the judge ruled in the plaintiff's favor (although Thackar had withdrawn from the case by that point, the defendant blamed him for the outcome).

For the reasons given above, we will dismiss the petition for review to the extent it raises issues beyond the scope of our jurisdiction, and we will otherwise deny the petition for review.

