**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1946
_____

JING CHUN LIU,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A078-435-237)
Immigration Judge:  Honorable Donald V. Ferlise

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 3, 2013
Before:  AMBRO, JORDAN and BARRY, Circuit Judges

(Opinion filed: September 5, 2013)
_____

OPINION
_____

PER CURIAM

        Petitioner Jin Chun Liu seeks review of a final order of the Board of Immigration

Appeals ("BIA").  For the following reasons, we will deny the petition for review.

Petitioner is a citizen of China. In 2001, removal proceedings were initiated against him pursuant to INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. Petitioner conceded removability but applied for asylum, withholding of removal, and protection under the Convention Against Torture, based on his opposition to China's population control policies. In 2003, the Immigration Judge ("IJ") denied relief, finding no credible evidence of past persecution or well-founded fear of future persecution, and ordered Petitioner removed to China. In 2005, the BIA upheld the IJ's decision. In 2012, Petitioner filed a motion to reopen in the BIA, arguing that he had recently begun practicing Falun Gong and feared persecution on that basis if returned to China. On March 22, 2013, the BIA denied Petitioner's motion. On April 5, 2013, Petitioner filed a counseled petition for review and a motion to stay removal in this Court. We denied his stay motion on April 21, 2013.

We begin by making clear the limited scope of this appeal. We have jurisdiction under 8 U.S.C. § 1252(a) only with respect to the BIA's March 22, 2013 order denying Petitioner's motion to reopen. The petition for review was not timely filed within 30 days of the BIA's 2005 order upholding the IJ's removal order. See 8 U.S.C. § 1252(b)(1); Stone v. INS, 514 U.S. 386, 405 (1995). The 30-day limitation period is mandatory and jurisdictional. See Vakker v. Att'y Gen, 519 F.3d 143, 146 (3d Cir. 2008); McAllister v. Att'y Gen, 444 F.3d 178, 185 (3d Cir. 2006).

We review the BIA's denial of a motion to reopen using the "highly deferential" abuse of discretion standard. Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). A motion to reopen must be filed in the BIA within 90 days of the date of entry of the final order of removal. INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i). There is no time limit on filing a motion to reopen in the BIA if the basis of the motion is to apply for asylum and the motion is based on changed conditions in the country to which removal has been ordered, if such evidence is material and was not available or discoverable at the previous proceeding. See INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii). The evidence presented must be genuine, authentic, and objectively reasonable. See In re S-Y-G, 24 I.&N. Dec. 247, 251 (BIA 2007).

We agree with the BIA that Petitioner's motion to reopen was untimely. The motion was filed over 7 years after the BIA's May 9, 2005 final order of removal. His motion was subject to the 90-day limitations period because it was not based on changed conditions in China supported by material evidence that was not available or discoverable at the time of the previous proceeding. Instead, Petitioner's motion sought reopening because he began the practice of Falun Gong in 2011 and feared persecution on that basis if returned to China.[1] See Liu v. Att'y Gen, 555 F.3d 145 (3d Cir. 2009). However,

---

[1] In support of his motion, Petitioner submitted a notice addressed to his parents in China by their local village branch of the Communist Party. The notice, dated July 2012, stated that reports had been received of Petitioner's participation in Falun Gong and demanded he cease his activities and return to China for "severe punishment." Petitioner also submitted a letter purportedly from his father stating that Chinese authorities had rushed

3

Petitioner's motion to reopen fails to demonstrate that the treatment of Falun Gong practitioners in China has materially changed since the time of his removal proceedings. To the contrary, Petitioner acknowledged that "[t]he Chinese government banned Falun Gong in China for over 10 years now." We further note that the BIA found that the Communist Party notice, which was "unsigned and not authenticated in any manner," was insufficiently reliable evidence. It also concluded that the letter from Petitioner's father was unauthenticated, speculative, and written by a third party, and therefore was similarly unreliable. We agree that Petitioner did not establish through reliable evidence that the Chinese authorities were aware of his Falun Gong activities or that he would face persecution on that basis if returned to China. Therefore, we cannot conclude that the BIA abused its discretion in denying the motion.[2]

---

into his home to serve the notice and demand Petitioner's return to China for punishment.

[2] Petitioner's motion to reopen also asked the BIA to invoke its sua sponte authority pursuant to 8 C.F.R. § 1003.2(a). In denying reopening, the BIA refused to exercise that authority. We lack jurisdiction to review the BIA's refusal to exercise its sua sponte authority. Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474 (3d Cir. 2003).