**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3788
_____

MARCELINO MEDINA VAZQUEZ,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A044-315-338)
Immigration Judge:  Honorable Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 18, 2016
Before:  AMBRO, GREENAWAY, JR. and SLOVITER[1], <u>Circuit</u> <u>Judges</u>

(Filed: May 4, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[1] The Honorable Dolores K. Sloviter participated in the decision in this case.  Judge Sloviter assumed inactive status on April 4, 2016 after the submission date, but before the filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Marcelino Medina Vazquez, proceeding pro se, petitions for review of the Board of Immigration Appeals' (BIA) final order of removal. For the following reasons, we will deny the petition for review.

Medina-Vazquez is a citizen of the Dominican Republic who entered the United States as a conditional resident in 1995 and adjusted his status to that of a lawful permanent resident in 1997. See 8 U.S.C. § 1255. On March 15, 2012, Petitioner was convicted of conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846. In light of this conviction, the Department of Homeland Security (DHS) charged him with removability for having been convicted of an aggravated felony, in violation of 8 U.S.C. § 1227(a)(2)(A)(iii), and a controlled substance offense, in violation of 8 U.S.C. § 1227(a)(2)(B)(i). On January 14, 2014, an Immigration Judge (IJ) in York County, Pennsylvania, issued a decision finding Petitioner removable as charged. He did not apply for any form of relief and waived his right to appeal the IJ's decision to the BIA.

Approximately eighteen months later, on July 16, 2015, Petitioner filed a motion to reopen his removal proceedings. In the motion, he stated—without any further elaboration—that he had "some issue[s] that [he] want[ed] to present." (AR000040.) The Government opposed the motion on the grounds that, inter alia, it was untimely and did not raise any substantive arguments in support of reopening. See 8 C.F.R. § 1003.23. By order entered July 24, 2015, the IJ denied relief for the reasons stated by the

2

Government. Petitioner appealed the IJ's decision to the BIA, arguing for the first time that he was eligible for suspension of deportation under now-repealed § 244(a)(1) of the Immigration and Nationality Act (INA).

Upon review, the BIA agreed with the IJ that Petitioner's motion to reopen was untimely, and also agreed that Petitioner had failed to set forth any basis for reopening. With respect to Petitioner's request for suspension of deportation, the BIA explained that such relief was no longer available because that provision of the INA has been repealed. The BIA further explained that Petitioner was ineligible for most other forms of relief, including a waiver of inadmissibility under INA § 212(h), due to his 2012 drug trafficking conviction. Petitioner now seeks review of the BIA's order.

We generally have jurisdiction to review final orders of removal. See 8 U.S.C. § 1252(a)(1). In this case, however, because the agency found Petitioner removable for having been convicted of an aggravated felony and controlled substance offense, our jurisdiction is limited to reviewing constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C)-(D); Borrome v. Att'y Gen., 687 F.3d 150, 154 (3d Cir. 2012). We review such claims and questions de novo. See Jeune v. Att'y Gen., 476 F.3d 199, 201 (3d Cir. 2007).

Petitioner's primary argument before this Court is that the BIA erred in stating that his aggravated felony conviction renders him ineligible for a waiver under § 212(h).[2]

_____

[2] Petitioner also faults the IJ who presided over his removal hearing in 2014 for failing to advise him that he could seek a waiver under § 212(h). However, we lack jurisdiction to

3

According to Petitioner, the aggravated felony bar in § 212(h) does not apply to him because he was not "admitted" to the United States "as an alien lawfully admitted for permanent residence." See Hanif v. Att'y Gen., 694 F.3d 479, 487 (3d Cir. 2012) (holding that § 212(h) precludes a waiver only for those persons who had attained the status of lawful permanent resident at the time they lawfully entered into the United States). We need not reach this question, however, because Petitioner is ineligible for § 212(h) relief for an additional reason: that provision allows the Attorney General to waive an alien's inadmissibility only when such inadmissibility is based on "a single offense of simple possession of 30 grams or less of marijuana," 8 U.S.C. § 212(h), and Petitioner's conviction was for conspiracy to distribute five kilograms or more of cocaine. Therefore, Petitioner would be statutorily ineligible for a § 212(h) waiver in any event. See Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) (adopting harmless error review in immigration cases).

    For these reasons, we will deny the petition for review.

---

review the IJ's decision because Petitioner did not file the present petition for review until November 2015, far outside the thirty days permitted by statute. See 8 U.S.C. § 1252(b)(1); Vakker v. Att'y Gen., 519 F.3d 143, 146-47 (3d Cir. 2008). We further note that, to the extent Petitioner includes in his appellate brief objections to the representation he received during his criminal case, we may not consider them in this petition for review. See Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008).