**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1796
_____

MOHAMMED TAJUDEEN,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A208-923-515)
Immigration Judge: Honorable Leo A. Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 20, 2017

Before: JORDAN, RESTREPO, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 20, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Mohammed Tajudeen has petitioned us to review a final order of removal. We will dismiss the petition for lack of jurisdiction.

Tajudeen, a native and citizen of Ghana, applied for asylum, withholding of removal, and protection pursuant to the Convention Against Torture. Tajudeen feared returning to Ghana because his Muslim religion prohibited homosexuality. He stated in his application that he had been assaulted at his home because of his sexual orientation, and that after the assault the local police advised him to move to a different community for his safety. Tajudeen also included reports concerning human rights violations against homosexuals in Ghana.

On August 1, 2016, the Immigration Judge denied Tajudeen's applications and ordered him removed to Ghana. Tajudeen waived appeal of the IJ's order, and no documentation of any appeal to the Board of Immigration Appeals appears in the record. The record shows, however, that sometime after he was ordered removed, Tajudeen attempted to make some kind of filing before the immigration court in Elizabeth, New Jersey. A September 8, 2016 notice of rejected filing appears in the record, and that notice stated that Tajudeen needed to file his submission with the Board, not the immigration court. The record does not show, and Tajudeen does not state, whether that rejected filing had been intended to appeal the IJ's removal order.

On March 31, 2017, Tajudeen initiated review proceedings in this Court and sought a stay of removal. In part, Tajudeen asserted that he had appealed to the Board on or about August 20, 2016, and that the Board had denied his appeal. Tajudeen also filed

a motion to remand. In that motion, he argued that his immigration proceedings should be reopened because he "left out important facts" concerning his claim that he was targeted in Ghana on the basis of his sexual orientation, and because he had obtained additional evidence about human rights conditions in Ghana that he had not previously presented. Tajudeen provides little detail about what comprises the evidence that he now says is newly available. For its part, the government filed a motion to dismiss, arguing that we lack jurisdiction to consider the petition for review because Tajudeen did not exhaust his administrative remedies or timely appeal the removal order.

After we denied Tajudeen's motion for a stay of removal, the case proceeded to briefing on the petition for review. Tajudeen's informal brief asserts that he did not understand the IJ's question during the removal proceedings concerning whether he wished to appeal to the Board. That brief also lists September 17, 2017, as the date of the order that he appealed to the Board, although that date fell after the filing of the informal brief and is likely a typographical error of some kind. The government responded, arguing that even if Tajudeen had meant to appeal the IJ's August 2, 2016 order in September 2016, he did not do so on time, and did not otherwise exhaust his administrative remedies. In support of that argument, the government observes that no record of any appeal to the Board appears in the administrative record, which contradicts Tajudeen's assertion that he appealed to the Board on or around August 20, 2016.

We have jurisdiction to review final orders of removal under 8 U.S.C. § 1252(a). A party's waiver of the right to appeal an IJ's decision, or the failure to timely appeal the

3

decision, renders it administratively final. See 8 C.F.R. § 1003.3(a)(1) ("A Notice of Appeal may not be filed by any party who has waived appeal pursuant to § 1003.39."); 8 C.F.R. § 1003.39 ("Except when certified to the Board, the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first."). Furthermore, we have jurisdiction to review a petition "only if the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1); Hoxha v. Holder, 559 F.3d 157, 159 n.3 (3d Cir. 2009) ("[I]ssue exhaustion as required by § 1252(d)(1) is a jurisdictional rule."). In addition, a petition for review must be filed no later than 30 days after the date of a final order of removal. 8 U.S.C. § 1252(b)(1); Vakker v. Att'y Gen., 519 F.3d 143, 146 (3d Cir. 2008) (stating that the 30-day deadline is jurisdictional).

Here, Tajudeen did not exhaust his remedies or timely appeal his final order of removal. Even giving Tajudeen the benefit of the inference that he might have attempted to appeal the IJ's order in the rejected filing that he submitted to the immigration court sometime before September 8, 2016, the record contains no evidence that Tajudeen ever submitted an appeal to the Board itself. See 8 C.F.R. § 1003.38(b) (notice of appeal "shall be filed directly with the Board of Immigration Appeals"). On this record, we must conclude that we lack jurisdiction to consider the petition for review.

The failure to appeal or otherwise exhaust administrative remedies discussed above also bars our consideration of the issues that Tajudeen raises in his remand motion because we lack jurisdiction over the petition for review. See 8 U.S.C. § 1252(d)(1).

4

Consequently, we deny Tajudeen's motion for remand. That said, Tajudeen may seek to file a motion to reopen before the IJ requesting that the IJ consider the information set out here in his petition for review and his motion to remand. Even if such a motion to reopen were not timely, the IJ could exercise the authority to consider it sua sponte. See 8 C.F.R. § 1003.23(b)(1) (reopening by the IJ at any time).

For the reasons discussed here, we grant the government's motion to dismiss and will dismiss the petition for review for lack of jurisdiction. Tajudeen's second motion for the appointment of counsel is denied.