**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 18-1577

———————

RAHEEL REHMAN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent

———————————————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A209-870-724)
Immigration Judge:  Honorable John B. Carle

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2018

Before:  AMBRO, SCIRICA and RENDELL, Circuit Judges

(Opinion filed: December 28, 2018)

———————

O P I N I O N

———————

**RENDELL,** Circuit Judge:

Petitioner, Raheel Rehman, argues that the Board of Immigration Appeals ("BIA")

erred in upholding the Immigration Judge's ("IJ") conclusion that Rehman was not

credible and is ineligible for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Rehman also argues that the BIA abused its discretion and violated his right to due process in denying his motion for remand. Finding no error, we will affirm the BIA.

## I. Factual and Procedural Background

Rehman is a Sunni Muslim and citizen and native of Pakistan. He entered the United States illegally in December of 2016 and was apprehended by the Department of Homeland Security ("DHS") shortly thereafter. DHS processed Rehman for expedited removal, but when Rehman claimed to be afraid of returning to Pakistan, DHS gave him a credible fear interview. Rehman was provided with an interpreter for the interview, and both parties affirmed that they understood one another.

Rehman stated in the credible fear interview that he was afraid to return to Pakistan because of the terrorism and war in the country. He stated that he had never been physically harmed in Pakistan. When asked to describe the worst thing to have happened to him, he stated that he had been very close to a bomb blast. However, Rehman later told the interviewer that he had been beaten by police multiple times for no reason, that this is "normal with police," and that he feared he would be harmed by police if he returned to Pakistan "because this is routine." AR 366-67.

Rehman also stated that he felt harmed or threatened in Pakistan because of his religion. He spoke of the "Shia and Sunni war" in Pakistan and stated that he witnessed an incident in which a "Shia master was attacked" and "about 200 people" were killed. AR 368. When asked if there was anything else important to his claim, Rehman

2

answered that he thought the interviewer "understood [his] case" and "that is all." AR 369. DHS found that Rehman expressed a credible fear of torture in Pakistan.

DHS served Rehman with a Notice to Appear, commencing proceedings before the Immigration Court under 8 U.S.C. § 1182(a)(7)(A)(i)(I). At Rehman's first hearing, the Immigration Judge sustained the charge of removability. Rehman informed the IJ that he intended to apply for asylum, and the IJ instructed him to file the asylum application with the court at his next hearing.

At Rehman's next hearing, he requested a 90-day continuance so that he could obtain evidence from a family member to support his application. He requested a date in July of 2017, and the IJ continued the matter to July 3, 2017. Six days before this hearing, Rehman requested another continuance, asserting difficulty in obtaining the evidence. The IJ denied this request.

At the July hearing, Rehman again requested a continuance, stating that he had not yet received evidence sent by his father. The IJ informed Rehman's counsel that Rehman would simply have to testify about the nature of the documents his father sent and denied the continuance request. Rehman testified that the evidence included (1) his medical papers documenting a broken hand that Rehman received when he was beaten up by police because of his religion, (2) the witness testimony of his friends, and (3) his father's testimony supporting Rehman's case.

Rehman further testified before the IJ that he feared the Pakistani police, as well as two Shia men belonging to "a criminal mafia and a land mafia." AR 159. He explained that the two Shia men were involved in a clash at a mosque between Shias and Sunnis

3

that Rehman witnessed in 2013. He testified that the men tried to pressure him by sending the police to beat him, threatened him against being a witness, and tried to abduct him. Rehman also testified that in 2015 they shot at him because he was a witness to the mosque incident. He explained that, although he was shot, he did not seek medical treatment because he would have had to report the incident to police, whom he feared. He testified that he did not mention the shooting incident in his credible fear interview because he may not have answered some of the questions properly and because he did not understand his interpreter. He also explained that he did not include the incident in his asylum application because he and his attorney had "filled up all the spaces" and that he would have discussed it "at length" had he been fluent in English. AR 171-72.

The IJ then asked Rehman about his testimony that the police broke his hand. Rehman explained that a week after the mosque incident he reported it to police. He testified that months after reporting the incident, the police beat him, causing the broken hand. He stated that the police demanded money from him for his "protection" and became angry when he threatened to report them.

After considering all of the evidence, the IJ ordered that Rehman's applications for asylum, withholding of removal, and protection under the CAT each be denied and that Rehman be removed to Pakistan. The IJ first made an adverse credibility finding against Rehman based on the numerous inconsistencies in the record. The IJ then denied Rehman's asylum application because (1) his past experiences in Pakistan did not rise to the level of persecution and (2) he failed to establish a well-founded fear of future persecution on account of a protected ground. The IJ found no evidence in the record

4

that either the two Shia men or the police were motivated by Rehman's religion. Rehman's ineligibility for asylum necessarily made him ineligible for withholding of removal. Lastly, the IJ found Rehman ineligible for CAT protection because he failed to establish that he would, more likely than not, be tortured by the Pakistani government or with its acquiescence upon returning to Pakistan.

Rehman filed an appeal with the BIA and filed a motion requesting that the BIA remand his case back to the IJ. His motion for remand was based on the receipt of new evidence that had been sent to him by his family in Pakistan. The evidence Rehman submitted with his motion to remand included a medical report documenting his injuries from the July 2015 shooting incident and an affidavit from his father stating that Rehman went to the hospital after the shooting. The BIA issued an opinion dismissing both Rehman's appeal and his motion for remand.

The BIA affirmed the IJ's adverse credibility finding as not clearly erroneous. Even assuming Rehman was credible, the BIA also agreed with the IJ's finding that Rehman was not eligible for asylum or withholding of removal on the merits because he failed to establish that he was or would be harmed in Pakistan on account of his religion rather than for criminal purposes. The BIA also affirmed the IJ's denial of Rehman's request for CAT protection because (1) it was based on testimony that was not credible, and (2) Rehman did not establish that he faces a clear probability of torture in Pakistan by or with the consent or acquiescence of a public official.

The BIA denied Rehman's motion to remand because it found that the new evidence did not rehabilitate Rehman's credibility or establish that a protected ground

was or will be one central reason for his harm in Pakistan. Instead, the BIA found that, if anything, the medical document casts more doubt on Rehman's credibility because he testified that his father was sending him a medical report documenting his broken hand, not his injury from the shooting incident, and because Rehman also testified that he had not sought medical treatment after the shooting incident. Rehman subsequently filed this timely petition for review.

## II. Jurisdiction and Standard of Review

The BIA had jurisdiction over Rehman's appeal of the IJ's decision pursuant to 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), which grants the courts of appeals sole and exclusive jurisdiction to review final orders of removal and claims under CAT. Rehman filed his petition for review within thirty days of the final order of removal, so his petition is timely. Because the BIA issued its own opinion, we review its decision rather than that of the IJ. *Olivia-Ramos v. Atty. Gen. of U.S.*, 694 F.3d 259, 270 (3d Cir. 2012).

Administrative findings of fact are analyzed using the "substantial evidence" standard and "are conclusive unless any reasonable adjudicator would be so compelled to conclude to the contrary." *See* 8 U.S.C. § 1252(a)(4)(B); *Lin v. Atty. Gen. of U.S.*, 543 F.3d 114, 119 (3d Cir. 2008). This is a deferential standard of review, "even more deferential than the clearly erroneous standard." *Reynoso-Lopez v. Ashcroft*, 369 F.3d 275, 278 (3d Cir. 2004). The BIA's decision denying a motion to remand is reviewed for abuse of discretion. *Korytnyuk v. Ashcroft*, 396 F.3d 272, 285 (3d Cir. 2005).

## III. Discussion

6

Rehman makes four claims on appeal. First, he argues that the BIA erred in affirming the IJ's adverse credibility finding. Second, he argues that the BIA's denial of his motion to remand constituted an abuse of discretion and a violation of his right to due process. Third, he argues that the BIA erred in finding that Rehman failed to establish that a protected ground was or will be at least one central reason for his harm in Pakistan. Fourth, he argues that the BIA erred in finding that he did not qualify for CAT protection. We will address each claim in turn.

## A. Adverse Credibility Determination

Rehman first argues that the BIA erred in affirming the IJ's adverse credibility finding because this finding was not plausible in light of the record. The Government responds that substantial evidence supports the BIA's determination. Adverse credibility determinations, as administrative findings of fact, are reviewed under the substantial evidence standard and ought to be upheld if no "reasonable adjudicator would be so compelled to conclude to the contrary." *Lin*, 543 F.3d at 119. The BIA's finding must be upheld if the agency provided "specific, cogent reasons why the applicant is not credible." *Id.*

Substantial evidence supports the BIA's finding that there are "numerous, material inconsistences" in Rehman's presentation of his claims. The BIA noted the specific changes and additions to Rehman's claims made between his credible fear interview and his hearing before the IJ. The BIA also considered Rehman's explanations for the inconsistencies but found that they were not sufficient to show that the IJ's adverse credibility finding was clearly erroneous given the "nature, circumstances, and

7

documentation of the credible fear interview." AR 4. Given the significant changes to Rehman's claims and the lack of adequate explanation for the changes, it cannot be said that a reasonable adjudicator would be *compelled* to find that Rehman was credible. *See Xie v. Ashcroft*, 359 F.3d 239, 243 (3d Cir. 2004) (finding it "implausible and incredible" that a traumatic event "would not have been mentioned to the Immigration officer" or "included in the [asylum] application"). Therefore, we will affirm the BIA's decision to uphold the IJ's adverse credibility finding.

## B. Rehman's Motion to Remand

Second, Rehman argues that the BIA's denial of his motion to remand constituted an abuse of discretion and a violation of his Fifth Amendment right to due process. The Government responds that there was no abuse of discretion because there was nothing arbitrary, irrational, or contrary to law about the BIA's decision and that Rehman's due process claim fails because he cannot show prejudice. Where the BIA denied a motion to remand because the movant would not be entitled to the relief sought, the BIA's findings of fact are reviewed for substantial evidence, and its ultimate decision to deny remand is reviewed for abuse of discretion. *Korytnyuk*, 396 F.3d at 285. Under the abuse of discretion standard, the BIA's decision will not be disturbed unless it is "arbitrary, irrational, or contrary to the law." *Id.* at 293.

The BIA did not abuse its discretion in denying Rehman's motion to remand. The medical document undermines Rehman's testimony before the IJ that he did not seek medical treatment for his gunshot wound, and neither the medical document nor his father's statement establishes that Rehman has or would suffer any harm on account of

8

his religion rather than criminal motivations.  Although Rehman argues that the medical document indicates that Rehman received a "medical evaluation" rather than "treatment," the record does not *compel* the conclusion that his testimony before the IJ was credible.  Appellee's Br. at 27.  Furthermore, Rehman does not address the BIA's finding that the new evidence does not establish that he was or will be harmed in Pakistan because of a protected ground.  There is nothing arbitrary, irrational, or contrary to law about the BIA's decision to deny Rehman's motion to remand based on these factual findings.  *Cf. Korytnyuk*, 396 F.3d at 393 (holding the denial of a motion to remand solely on the basis of factual finding that lacks substantial evidence to be an abuse of discretion because "to do so is necessarily arbitrary").

Rehman's due process claim is also without merit.  "Where an alien claims a denial of due process because he was prevented from making his case to the BIA or the IJ, he must show (1) that he was prevented from reasonably presenting his case and (2) that substantial prejudice resulted."  *Lupera-Espinoza v. Atty. Gen. of U.S.*, 716 F.3d 781, 789 (3d Cir. 2013).  To succeed in this argument, Rehman must show how the new evidence would have changed the outcome of his case if remand had been granted.  *See id.*  However, Rehman fails to explain how the new evidence would have resulted in a different credibility determination, particularly in light of the BIA's conclusion that the medical document casts more doubt on his credibility.  He also fails to show how the new evidence establishes that he feared or fears persecution in Pakistan on account of a protected ground rather than criminal motivations.  Instead, Rehman merely recasts his abuse of discretion argument in constitutional terms, and we can deny this argument for

9

the same reasons as his abuse of discretion argument. *Khan v. Atty. Gen. of U.S.*, 448 F.3d 226, 236 (3d Cir. 2006); *see also Vakker v. Atty. Gen. of U.S.*, 519 F.3d 143, 149 (3d Cir. 2008) (finding that the BIA's decision to deny petitioner's motion to remand "did not deny [petitioner] due process of law because the BIA considered [petitioner's] motion and properly denied it, providing adequate explanation and authority to support its decision"). Therefore, we will affirm the BIA's denial of Rehman's motion to remand.

## C. Rehman's Asylum and Withholding of Removal Claims

Third, Rehman argues that the BIA erred in finding that Rehman failed to establish that a protected ground was or will be at least one central reason for the harm he suffered or fears in Pakistan. The Government responds that substantial evidence supports the conclusion that Rehman failed to establish the requisite nexus between past or feared future harm and any claimed statutorily-protected ground. To establish that he is eligible for asylum or withholding of removal, Rehman must show that a protected ground was or will be "at least one central reason" for any past or future harm. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). He must establish "either that he was previously persecuted on account of a statutorily enumerated ground, or that he has a well-founded fear of future persecution on account of a statutorily enumerated ground." *Espinosa-Cortez v. Atty. Gen. of U.S.*, 607 F.3d 101, 107 (3d Cir. 2010).

Substantial evidence supports the BIA's finding that Rehman's religion was not and will not be at least one central reason for any harm he suffered or fears in Pakistan.[1]

---

[1] Although Rehman correctly asserts that his religion need not be the only reason for his persecution to satisfy this requirement, the BIA did not find that his religion was not the

10

*See id.* (stating that an agency's determination whether a petition has established that he or she has a well-founded fear of persecution must be upheld if it is supported by substantial evidence). Rehman must establish "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). He has not done so. Substantial evidence supports the conclusion that Rehman was harmed because of only the criminal motivations of the two Shia men and the Pakistani police, not his religion. That is, substantial evidence supports the finding that the Shia men only wanted to prevent Rehman from being a witness against them and that the police only wanted to extort him. Although Rehman argues that the record supports that the harm experienced had a "religious nature," he fails to show "that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Appellee's Br. at 35; *Elias-Zacarias*, 502 U.S. at 481. Therefore, we will affirm the BIA's finding that Rehman is ineligible for asylum and withholding of removal.

## D. Rehman's CAT Protection Claim

Lastly, Rehman argues that the BIA erred in finding that he did not qualify for CAT protection. Rehman challenges the BIA's findings that he did not establish a clear probability of torture because his testimony was discredited due to the adverse credibility determination and that he failed to establish that the Pakistani government would acquiesce in his torture. The Government asserts that the BIA did not err in relying on

*only* reason for the harm he suffered or fears in Pakistan but that his religion was not *at least one* central reason for such harm. In other words, the BIA found that the record did not establish that Rehman's asserted harms were because of his religion *at all*.

11

the adverse credibility determination and that Rehman's governmental acquiescence argument is inconsequential. To be eligible for CAT protection, Rehman must show first "that it is more likely than not that [he] will be tortured if removed to [Pakistan]" and second that the torture "will occur with the consent or acquiescence of the government." *Gomez-Zuluaga v. Atty. Gen. of U.S.*, 527 F.3d 330, 349 (3d Cir. 2008).

Rehman's argument that the adverse credibility determination "should not preclude full consideration of [his] [CAT] arguments" is unavailing. Appellee's Br. at 37. An applicant's "credibility, by itself, may satisfy his burden or doom his [CAT] claim." *Muhanna v. Gonzales*, 399 F.3d 582, 589 (3d Cir. 2005). As previously discussed, the adverse credibility determination against Rehman is supported by substantial evidence and ought to be upheld, so this finding can preclude his CAT claim.

Furthermore, the BIA did not rely solely on the adverse credibility determination in finding Rehman ineligible for CAT protection. The BIA also found that, independent of his discredited claim of past harm, Rehman failed to establish that he faces a clear probability of torture in Pakistan. As an administrative finding of fact, the BIA's determination must be sustained if it is supported by substantial evidence. *Wang v. Ashcroft*, 368 F.3d 347, 350 (3d Cir. 2004). Rehman argues that the record "shows that there is much inter-religious violence between Shia and Sunni in Pakistan." However, he fails to show that the record compels the conclusion that it is more likely than not that *he himself* will be tortured. *See Wang*, 368 F.3d at 350. Because Rehman has not met his initial burden, his governmental acquiescence argument is inconsequential. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not

12

required to make findings on issues the decision of which is unnecessary to the results they reach.").

## IV.    Conclusion

For the foregoing reasons, the BIA properly upheld the IJ's adverse credibility determination against Rehman and properly denied Rehman's asylum, withholding of removal, and CAT claims.  The BIA also did not abuse its discretion or violate Rehman's right to due process in denying his motion for remand.  Accordingly, we will deny Rehman's petition for review and will affirm the BIA's decision.